■ MARK TROY et al., Plaintiffs, and NANCY TROY et al., Respondents, v MELVYN S. OBERLANDER et al., Appellants, et al., Defendants.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered June 13, 1991, in favor of plaintiffs and against defendants-appellants in the amount of $124,898.48, inclusive of interest and disbursements, unanimously affirmed, with costs.

Upon examination of the record, we agree with the Special Referee and the IAS court that plaintiffs' attorneys' fee request of $107,919.48 for services rendered between December 1983 and May 1990 is reasonable and supported by accurate time records and billing statements. We also agree that the tenants' attorneys were entitled to an additional $9,700 for time expended in proving the value of their services, for a total award of $117,619.48 *(Kumble v Windsor Plaza Co.,* 161 AD2d 259, 260, *lv denied* 76 NY2d 709, *appeal dismissed* 76 NY2d 843). Appellants' contention that plaintiffs are not

entitled to recover for legal services related to proving the invalidity of the eviction plan that were "offensive", rather than "defensive", in nature, and thus not within the purview of Real Property Law § 234, was previously rejected by this court on the prior appeal herein *(Troy v Oberlander,* 146 AD2d 460, 461), wherein we specifically permitted "an award of attorneys' fees to cover the reasonable costs of defending the eviction proceeding."

We have considered the appellants' remaining claims, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.