■ S. WILLIAM SENFELD et al., Respondents, v I.S.T.A. HOLDING Co., INC., et al., Appellants. [652 NYS2d 738] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered August 15, 1995, which, insofar as appealed from, awarded plaintiffs tenants attorneys' fees including a so-called fee on a fee, as the prevailing parties on their cause of action for breach of the warranty of habitability, unanimously affirmed, with costs, and the matter is remanded to the IAS Court for the purpose of determining the reasonable value of plaintiffs' attorneys' services in defending this appeal, and in establishing such value and awarding an additional fee therefor.

There is no merit to the landlord's argument that since the tenants were only slightly successful on their causes of action for negligence and breach of the warranty of habitability in obtaining an award of damages considerably less than that sought, and were completely unsuccessful in their remaining causes of action for an injunction and for intentional tort, they were not the "prevailing party" and should not have been awarded any attorneys' fees at all. As the IAS Court explained, only services "intimately related" to the warranty of habitability claims were considered in arriving at the award. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the * * * court did not adopt each contention raised." (*Hensley v Eckerhart*, 461 US 424, 440; *see also, Matter of Rahmey v Blum*, 95 AD2d 294, 304.) *Peachy v Rosenzweig* (215 AD2d 301), in which the landlord obtained a judgment of possession and a money award far exceeding the rent abatement the tenants were awarded on one of 13 affirmative defenses, is clearly distinguishable, if only because here the tenants had paid their rent during the period of partial uninhabitability, and, accordingly, the landlord could not seek any relief against them by way of offset or counterclaim. Nor is there merit to the landlord's argument that since tenants did not prove actual payment to their attorneys, they never "incurred" attorneys' fees under Real Property Law § 234. Actual payment of attorneys' fees is not a condition precedent to a tenant's recovery under the statute (*Maplewood Mgt. v Best*, 143 AD2d 978; *313 W. 100th St. Tenants Assn. v Kepasi Realty Corp.*, 139 Misc 2d 57, 60-61, *mod on other grounds* 143 Misc 2d 566). Finally, it is now settled in this Department that

a "fee on a fee", i.e., a fee for services performed to recover a fee, is recoverable under Real Property Law § 234 (*Kumble v Windsor Plaza Co.*, 161 AD2d 259, *lv denied* 76 NY2d 709, *appeal dismissed* 76 NY2d 843; *Washburn v 166 E. 96th St. Owners Corp.*, 166 AD2d 272; *Troy v Oberlander*, 181 AD2d 557; *Duell v Condon*, 200 AD2d 549, *affd* 84 NY2d 773). Concur—Milonas, J. P., Rubin, Williams and Andrias, JJ.