■ Board of Managers of 55 Walker Street Condominium, Respondent, v Walker Street, LLC, et al., Appellants. [701 NYS2d 774]—

Appeal from order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 3, 2002, deemed to be an appeal from a subsequent judgment, same court and Justice, entered April 30, 2003, which, to the extent appealed from as limited by the briefs, awarded plaintiff attorneys' fees, and so considered, the judgment is unanimously affirmed, with costs.

The condominium bylaws provided for recovery of attorneys' fees for litigation in connection with a unit owner's default in payments. The court initially found such a default and granted summary judgment to plaintiff, deferring the issue of attorneys' fees. After review of extensive billing submissions, and defendant having declined a hearing, the court made appropriate reductions and granted plaintiff's application. Defendants now protest the entitlement to fees because plaintiff did not prevail in the underlying litigation.

In order to justify an award of contractual attorneys' fees, the court need not adopt each claim raised in a lawsuit (*Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345 [1997], *lv denied* 92 NY2d 818 [1998]). Rather, the claimant must simply be the prevailing party on the central claims advanced, and receive substantial relief in consequence thereof (*501 E. 87th St. Realty Co. v Ole Pa Enters.*, 304 AD2d 310, 311 [2003]). The court validated the theory of recovery in several categories herein, and granted a substantial part of the relief requested, so there was no error with regard to the award of fees. Denial of the application to appoint a receiver did not vitiate plaintiff's status as prevailing party; the court was willing to appoint a receiver, but declined only on condition that the condominium owner pay arrears by a date certain. Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.