■ JAMES SYKES et al., Appellants, v RFD THIRD AVENUE I AS-SOCIATES, LLC, Respondent, et al., Defendants. [833 NYS2d 76]—

Order, Supreme Court, New York County (Louis Crespo, Special Referee), entered January 4, 2006, which, to the extent appealed from, denied plaintiffs' application for attorneys' fees, unanimously reversed, on the law, without costs, plaintiffs' application granted, and the matter remanded for a determination of the amount to be awarded.

Plaintiffs purchased a luxury penthouse apartment from defendant RFD Third Avenue I Associates, LLC, for a purchase price of $3.9 million. During the preclosing walk-through, plaintiffs found various deficiencies in the apartment, and a punch list of items to be completed or repaired was provided. Defendant agreed, in writing, to correct these deficiencies, and placed $75,000 in escrow to secure the completion of the work. The escrow agreement provided that if the work was not completed within 30 days, through no fault of the plaintiffs, defendant would pay plaintiffs $500 per day for each subsequent day the work was not completed, and further provided that in the event any legal action was commenced with regard to the escrow funds, "the prevailing party shall be entitled to recover its legal fees and disbursements." The work was not completed within the time frame allotted, and plaintiffs' demanded the escrow monies. Defendant refused, contending that plaintiffs had frustrated the completion of the work, and litigation ensued.

Ultimately, the parties stipulated to the release of the escrow of $75,000, plus interest, to plaintiffs, and the matter was referred to a special referee for a determination of legal fees and expenses.

We disagree with the Referee's view that the stipulation releasing the escrow funds to plaintiffs fails to establish that plaintiffs prevailed in this action. To determine whether a party has "prevailed" for the purpose of awarding attorneys' fees, the court must consider the "true scope" of the dispute litigated and what was achieved within that scope (see Excelsior 57th Corp. v Winters, 227 AD2d 146 [1996]). To be considered a "prevailing party," one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof (see Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279 [2004]).

Plaintiffs' essential legal claim against RFD Third Avenue I Associates was their entitlement to the escrow funds, premised on their compliance with their obligations under the agreement, and defendant's failure to "work diligently and use reasonable good faith efforts to complete" the punch list items as required. Although they received the funds they sought through stipulation rather than through a judicial determination, they sufficiently prevailed on their claim (*see e.g. Matter of Thomasel v Perales*, 78 NY2d 561 [1991]). Accordingly, plaintiffs are entitled to recoup their attorneys' fees, pursuant to the provision of the escrow agreement allowing for fees to the "prevailing party." Concur—Mazzarelli, J.P., Saxe, Marlow, McGuire and Kavanagh, JJ.