■ Neema Gaisi, Plaintiff, v Abdorabah M. Gaisi, Appellant. Mark Hus, Nonparty Respondent. [852 NYS2d 394]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered June 26, 2006, which granted the motion of attorney Mark Hus for an award of an attorney's fee in the sum of $9,240.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion of Mark Hus for an award of an attorney's fee in the sum of $9,240 is denied.

Prior to the commencement of this action for a divorce and ancillary relief, the defendant entered into a brokerage agreement with Kirk Properties, Ltd., to sell certain property (hereinafter the subject premises) with a broker's commission of $35,000. Subsequently, the defendant entered into a contract to sell the subject premises to Ram Gupta for the sum of $800,000. The sale fell through, and Gupta brought an action in the Supreme Court, Bronx County, for specific performance (*see Gupta v 211 St. Realty Corp.,* 16 AD3d 309, 311 [2005]). A Referee was appointed to sell the property to Gupta, and the closing on August 31, 2005 resulted in sizable proceeds.

By notice of motion dated February 14, 2006, Elizabeth Kirk-Blitzer, the President of Kirk Properties, Ltd., moved in the instant action to direct the Referee to pay to her, from the proceeds of the sale, a broker's commission in the sum of $48,000, which was 6% of the sale price of $800,000. Thereafter, Kirk-Blitzer and the defendant entered into a "Stipulation Releasing Brokerage Commission," whereby Kirk-Blitzer accepted the sum of $35,000 as her broker's commission. The stipulation further provided that it was "deemed to resolve all issues between the movant, Elizabeth Stuart Kirk-Blitzer, and the parties to this matrimonial action, plaintiff Neema Gaisi, and defendant Abdorabah M. Gaisi."

On May 3, 2006 the Supreme Court orally granted on consent the application to allow the Referee to pay the sum of $35,000 to Kirk-Blitzer. Also at that time, the attorney for the plaintiff

wife advised the court that Mark Hus, Kirk-Blitzer's attorney, was contemplating a motion for an award of an attorney's fee for his work in connection with Kirk-Blitzer's motion to direct the Referee to pay her broker's commission. Hus subsequently moved for award of an attorney's fee. In opposition papers, the defendant argued that Kirk-Blitzer had not only improperly attempted to collect an inflated commission of $48,000, but that the stipulation provided that the broker agreed to accept the sum of $35,000 in settlement of all claims. The Supreme Court granted the motion and awarded Hus an attorney's fee in the sum of $9,240. We reverse.

"Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (*Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5 [1986]; *see Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22 [1979]; *City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263 [1971]). When "there [i]s no express reservation of rights with respect to the derivative issue of attorneys' fees, it must be deemed to have been waived and subsumed in the negotiated settlement" (*Harmir Realty Co. v Tesa,* 2003 NY Slip Op 50015 [U] [App Term, 1st Dept 2003]; *see J.D. Realty Assoc. v Shanley,* 288 AD2d 27, 28 [2001]).

Here, Hus failed to demonstrate an express reservation of rights entitling him to the attorney's fee incurred in obtaining Kirk-Blitzer's broker's commission (*see J.D. Realty Assoc. v Shanley,* 288 AD2d 27, 28 [2001]; *Rosewohl Enters., LLC v Gluck,* 16 Misc 3d 132[A], 2007 NY Slip Op 51458[U] [2007]). Accordingly, the Supreme Court improvidently exercised its discretion in awarding an attorney's fee to Hus. Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.