JAY N JEN, INC., Appellant-Respondent, v POLGE SEA-FOOD DISTRIBUTING, INC., et al., Respondents-Appellants. (Appeal No. 1.) [894 NYS2d 296]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 13, 2009 in a breach of contract action. The order and judgment following a nonjury trial, among other things, awarded plaintiff money damages against defendant Polge Seafood Distributing, Inc. and dismissed the counterclaims.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for the alleged breach of a written asset purchase agreement (agreement). Pursuant to the agreement, plaintiff was to purchase the assets of defendant Polge Seafood Distributing, Inc. (Polge), which included equipment, inventory, stock in trade, goodwill and customer lists. Polge retained the manufacturing business that produced cocktail sauce, mustard and horseradish products (mustard products). Polge was also required pursuant to the agreement to sell the mustard products to plaintiff at a volume discount level below the existing wholesale pricing for plaintiff's sale and distribution to customers identified on the above-mentioned customer lists. In addition, the agreement included a covenant prohibiting Polge from operating a competing business within a 100-mile radius of the existing distribution business location.

According to plaintiff, defendants breached the agreement by refusing to sell mustard products to plaintiff at a volume discount and by marketing and selling those products to existing customers identified on the customer lists. Defendants asserted counterclaims seeking, inter alia, damages for plaintiff's alleged breach of the agreement by selling mustard products to customers obtained from a Web site and to express shipping customers that defendants claimed to have retained or excluded from the terms of the agreement.

Following a nonjury trial, Supreme Court determined that defendants had breached the agreement by refusing to sell the mustard products to plaintiff without justification. The court further determined, however, that plaintiff had mitigated its damages within two months of the breach by acquiring substitute products from a different manufacturer for sale and distribution. Thus, by the order and judgment in appeal No. 1, the court awarded plaintiff two months of lost profits. The court also dismissed defendants' counterclaims, determining that the express terms of the agreement barred defendants' contention that Polge retained the right to market and to sell mustard products to all Web site and express shipping customers. By the order in appeal No. 2, the court denied plaintiff's motion for attorney's fees and expert fees.

With respect to the order and judgment in appeal No. 1, we reject the contention of plaintiff on its appeal therefrom that the court erred in failing to award damages for lost profits for a period of 14 years, which plaintiff alleged was an appropriate period of time based upon the promissory note that it executed.

The record establishes that plaintiff was able to secure adequate cover within two months of defendants' breach of the agreement (*see Fertico Belgium v Phosphate Chems. Export Assn.*, 70 NY2d 76, 81-82 [1987], *rearg denied* 70 NY2d 694 [1987]), and plaintiff failed to demonstrate a basis upon which to estimate its lost profits beyond those two months with the requisite degree of reasonable certainty (*see Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). In addition, there is no indication in the record that the parties contemplated that defendants would assume liability for plaintiff's lost profits for a period of 14 years in the event that defendants breached the agreement (*see Kenford Co. v County of Erie*, 73 NY2d 312, 320 [1989]).

We reject plaintiff's further contention that the court erred in refusing to award damages for the alleged breach by defendants of their duty not to impair the goodwill transferred as part of the sale of the assets of the distributing business. Plaintiff failed to demonstrate "either reduced sales to a solicited customer to whom defendant[s] sold [mustard products] or that the opportunity for profit on additional sales to such customer was lost by consequence of defendants' solicitation" (*Hyde Park Prods. Corp. v Lerner Corp.*, 65 NY2d 316, 322 [1985]; *see Sager Spuck Statewide Supply Co. v Meyer*, 298 AD2d 794, 796 [2002]).

Contrary to the contention of defendants on their cross appeal in appeal No. 1, the court properly dismissed their counterclaims seeking, inter alia, damages for plaintiff's alleged breach of the agreement by selling mustard products to Web site and express shipping customers allegedly retained by Polge. There is no provision in the agreement, which is "complete, clear and unambiguous on its face," establishing that defendants retained or excluded those customers from the customer lists transferred to plaintiff pursuant to the agreement (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]).

With respect to plaintiff's appeal from the order in appeal No. 2, we conclude that the court erred in denying that part of plaintiff's motion seeking attorney's fees pursuant to paragraph 8 (B) of the agreement. We agree with plaintiff that paragraph 8 (B) of the agreement is not ambiguous when read in its entirety and that it expressly provides for plaintiff's recovery of attorney's fees incurred as a result of defendants' breach of the agreement (*see generally Sagittarius Broadcasting Corp. v Evergreen Media Corp.*, 243 AD2d 325 [1997]). We therefore reverse the order insofar as appealed from in appeal No. 2, grant plaintiff's motion in part, award attorney's fees to plaintiff, and remit the matter to Supreme Court to determine the amount of

reasonable attorney's fees following a hearing, if necessary. Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.