# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**328**
**CA 11-02055**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, AND SCONIERS, JJ.

RAMESH L. CHAINANI AND BONNIE R. CHAINANI,
PLAINTIFFS-APPELLANTS,

V                                                          MEMORANDUM AND ORDER

RONALD A. LUCCHINO AND BARBARA T. LUCCHINO,
DEFENDANTS-RESPONDENTS.

PHILLIPS LYTLE LLP, BUFFALO (MINRYU KIM OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

HAGERTY & BRADY, BUFFALO (MICHAEL A. BRADY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 14, 2011. The order, insofar as appealed from, denied plaintiffs' motion for attorneys' fees.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: In December 2000, defendants entered into an agreement with plaintiffs (2000 agreement), granting plaintiffs two easements. One of the easements was a nonexclusive "permanent right" to park vehicles on one section of defendants' parking lot (Permanent Lot). In the spring of 2008 defendants made modifications to the Permanent Lot, allegedly preventing plaintiffs from exercising their rights to use that lot. Plaintiffs commenced this action alleging that defendants had breached the 2000 agreement and seeking injunctive relief, damages and attorneys' fees.

The parties subsequently entered into a stipulation, granting plaintiffs "the relief sought by [them] . . . on their Second Cause of Action." Pursuant to the stipulated order, defendants were to make various modifications to the Permanent Lot. The stipulated order further provided that, having been granted the relief sought in the second cause of action, that cause of action was dismissed and severed from the remainder of the complaint, which would be subject to later adjudication. By a separate stipulation of discontinuance, the parties stipulated to dismiss plaintiffs' first cause of action, which sought injunctive relief prohibiting defendants from obstructing plaintiffs' parking rights. That dismissal was "without prejudice to [subsequent] application[s] . . . for reimbursement of . . . attorney[s'] fees, costs and disbursements."

Plaintiffs thereafter moved for an award of, inter alia, attorneys' fees and costs on the ground that they were the "prevailing party" within the meaning of the 2000 agreement.  In relevant part, the 2000 agreement provided that, "[i]n the event that either [party] shall seek enforcement of the rights conferred pursuant to this [agreement], then the *prevailing party* shall be entitled to reimbursement and indemnification for all reasonable attorneys' fees, costs and disbursements expended as a result thereof (emphasis added)."  The term "prevailing party" was not defined in the 2000 agreement.  We conclude that Supreme Court properly denied the motion, determining that plaintiffs were not the "prevailing party" under the terms of the stipulated order.

In determining whether a party is a prevailing party, a fundamental consideration is whether that party has "prevailed with respect to the central relief sought" (*Nestor v McDowell*, 81 NY2d 410, 416, *rearg denied* 82 NY2d 750; *see Sykes v RFD Third Ave. I Assoc., LLC*, 39 AD3d 279, 279).  "[S]uch a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (*Excelsior 57th Corp. v Winters*, 227 AD2d 146, 147).

Here, plaintiffs alleged in their complaint that defendants breached the 2000 agreement, and they sought injunctive relief, damages and attorneys' fees.  Thus, the "true scope" of the dispute was whether defendants' breached the 2000 agreement (*id.*).  Plaintiffs, however, did not obtain the full measure of injunctive relief they sought, did not receive an award of damages and, importantly, did not obtain a determination that defendants breached the 2000 agreement.  The court, which was "significantly involved in the settlement discussions that led to the stipulated order," concluded that, although plaintiffs were " 'successful' in obtaining some of the relief requested," it would be "disingenuous for [plaintiffs] to declare that [they were] the prevailing party."  We agree.  "In view of the mixed results of this litigation, in which plaintiffs stipulated to resolve certain . . . claims, but also stipulated to discontinue [certain] claims, and abandoned [other] claims . . ., plaintiffs cannot be considered the prevailing party in this litigation" (*Berman v Dominion Mgt. Co.*, 50 AD3d 605, 605).

We note that plaintiffs' reliance on *McGrath v Toys "R" Us, Inc.* (3 NY3d 421) is misplaced.  That action concerned attorneys' fees awarded in the context of a complex civil rights action, where only nominal damages were awarded.  That case is thus distinguishable from the instant action (*see generally Texas State Teachers Assn. v Garland Ind. School Dist.*, 489 US 782, 789).  Contrary to plaintiffs' contention, the public policy in favor of honoring private fee-shifting agreements does not compel a different result.  Because the 2000 agreement did not define the term "prevailing party," there was no provision of that agreement expressly providing for the recovery by plaintiffs of attorneys' fees where, as here, plaintiffs obtained only a small measure of the overall relief they sought (*cf. Jay N Jen, Inc. v Polge Seafood Distrib., Inc.*, 70 AD3d 1447, 1449).

All concur except CARNI, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following Memorandum:  I respectfully disagree with the conclusion of my colleagues that plaintiffs were not the "prevailing parties" within the meaning of the agreement granting plaintiffs two easements (2000 agreement), and I therefore dissent.

The 2000 agreement provides that, if either the grantee or the grantor "shall seek enforcement of the rights conferred pursuant to this [agreement], then the prevailing party shall be entitled to reimbursement and indemnification for all reasonable attorneys' fees, costs and disbursements expended as a result thereof."  There is no dispute that the central focus of plaintiffs' action was to enforce their parking rights under the agreement.  As a result of the litigation, defendants were required to (1) remove the designation of two parking spaces as "handicapped parking" and return them to their original unrestricted availability for use by plaintiffs' business patrons; (2) remove the markings of "No Parking" painted on the area designated in the 2000 agreement for plaintiffs' parking; and (3) permit plaintiffs to restripe the area previously designated "No Parking" to provide for parking consistent with plaintiffs' rights under the 2000 agreement.

Contrary to the majority's conclusion, it is not necessary that a party achieve the "full measure" of the relief sought to be entitled to the reimbursement and indemnification sought herein.  In order to justify an award of contractual attorneys' fees, the court need not grant the relief sought in each claim raised in a lawsuit (*see Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345, *lv dismissed* 91 NY2d 956, *lv denied* 92 NY2d 818).  The analysis in determining whether such an award is warranted does not involve a mere computation of the claims granted.  Rather, the party seeking such reimbursement and indemnification must simply be the prevailing party on the *central claims* advanced, and must receive "substantial relief" to warrant the conclusion that the party had prevailed on those central claims (*501 E. 87th St. Realty Co. v Ole Pa Enters.*, 304 AD2d 310, 311).  "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his [or her] attorney's fee reduced simply because the . . . court did not adopt each contention raised" (*Hensley v Eckerhart*, 461 US 424, 440; *see Senfeld*, 235 AD2d at 345; *Matter of Rahmey v Blum*, 95 AD2d 294, 304).  In the instant case, the stipulated court order validated plaintiffs' theory of recovery in several categories, and granted plaintiffs the substantial relief that they requested (*see Board of Mgrs. of 55 Walker St. Condominium v Walker St., LLC*, 6 AD3d 279, 280).  The fact that plaintiffs' success "was only partial does not negate the fact that [they] prevailed" in enforcing the 2000 agreement (*Duane Reade v 405 Lexington, L.L.C.*, 19 AD3d 179, 180; *see Board of Mgrs. of 55 Walker St. Condominium*, 6 AD3d 279).

I further note that the majority's reliance upon the fact that plaintiffs "did not obtain a determination that defendants breached the 2000 agreement" belies the nature of the litigation course pursued by the parties and places form over substance.  Inasmuch as the

parties expressly agreed in the stipulation of discontinuance to reserve the parties' rights to seek attorneys' fees, costs and disbursements, they recognized and agreed that the absence of an express determination on the merits by the court was no barrier to the recovery of such sums under the 2000 agreement (*see generally Gaisi v Gaisi*, 48 AD3d 744, 745).

Therefore, I would reverse the order insofar as appealed from, thereby leaving intact the court's denial of the cross motion of defendants for attorneys' fees, grant that part of plaintiffs' motion for an award of attorneys' fees, costs and disbursements, and remit the matter to Supreme Court for a determination of the reasonable amount of attorneys' fees, costs and disbursements expended by plaintiffs as a result of this litigation, inclusive of this appeal.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court