*1493 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 14, 2011. The order, insofar as appealed from, denied plaintiffs’ motion for attorneys’ fees.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: In December 2000, defendants entered into an agreement with plaintiffs (2000 agreement), granting plaintiffs two easements. One of the easements was a nonexclusive “permanent right” to park vehicles on one section of defendants’ parking lot (Permanent Lot). In the spring of 2008 defendants made modifications to the Permanent Lot, allegedly preventing plaintiffs from exercising their rights to use that lot. Plaintiffs commenced this action alleging that defendants had breached the 2000 agreement and seeking injunctive relief, damages and attorneys’ fees.
The parties subsequently entered into a stipulation, granting plaintiffs “the relief sought by [them] ... on their Second Cause of Action.” Pursuant to the stipulated order, defendants were to make various modifications to the Permanent Lot. The stipulated order further provided that, having been granted the relief sought in the second cause of action, that cause of action was dismissed and severed from the remainder of the complaint, which would be subject to later adjudication. By a separate stipulation of discontinuance, the parties stipulated to dismiss plaintiffs’ first cause of action, which sought injunctive relief prohibiting defendants from obstructing plaintiffs’ parking rights. That dismissal was “without prejudice to [subsequent] application^] ... for reimbursement of . . . attorney[s’] fees, costs and disbursements.”
Plaintiffs thereafter moved for an award of, inter alia, attorneys’ fees and costs on the ground that they were the “prevailing party” within the meaning of the 2000 agreement. In relevant part, the 2000 agreement provided that, “[i]n the event that either [party] shall seek enforcement of the rights conferred pursuant to this [agreement], then the prevailing party shall be entitled to reimbursement and indemnification for all reasonable attorneys’ fees, costs and disbursements expended as a result thereof” (emphasis added). The term “prevailing party” was not defined in the 2000 agreement. We conclude that Supreme Court properly denied the motion, determining that plaintiffs were not the “prevailing party” under the terms of the stipulated order.
*1494 In determining whether a party is a prevailing party, a fundamental consideration is whether that party has “prevailed with respect to the central relief sought” (Nestor v McDowell, 81 NY2d 410, 416 [1993], rearg denied 82 NY2d 750 [1993]; see Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279, 279 [2007]). “[S]uch a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope” (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1996]).
Here, plaintiffs alleged in their complaint that defendants breached the 2000 agreement, and they sought injunctive relief, damages and attorneys’ fees. Thus, the “true scope” of the dispute was whether defendants’ breached the 2000 agreement (id.). Plaintiffs, however, did not obtain the full measure of injunctive relief they sought, did not receive an award of damages and, importantly, did not obtain a determination that defendants breached the 2000 agreement. The court, which was “significantly involved in the settlement discussions that led to the stipulated order,” concluded that, although plaintiffs were “ ‘successful’ in obtaining some of the relief requested,” it would be “disingenuous for [plaintiffs] to declare that [they were] the prevailing party.” We agree. “In view of the mixed results of this litigation, in which plaintiffs stipulated to resolve certain . . . claims, but also stipulated to discontinue [certain] claims, and abandoned [other] claims . . . , plaintiffs cannot be considered the prevailing party in this litigation” (Berman v Dominion Mgt. Co., 50 AD3d 605, 605 [2008]).
We note that plaintiffs’ reliance on McGrath v Toys “R” Us, Inc. (3 NY3d 421 [2004]) is misplaced. That action concerned attorneys’ fees awarded in the context of a complex civil rights action, where only nominal damages were awarded. That case is thus distinguishable from the instant action (see generally Texas State Teachers Assn. v Garland Independent School Dist., 489 US 782, 789 [1989]). Contrary to plaintiffs’ contention, the public policy in favor of honoring private fee-shifting agreements does not compel a different result. Because the 2000 agreement did not define the term “prevailing party,” there was no provision of that agreement expressly providing for the recovery by plaintiffs of attorneys’ fees where, as here, plaintiffs obtained only a small measure of the overall relief they sought (cf. Jay N Jen, Inc. v Polge Seafood Distrib., Inc., 70 AD3d 1447, 1449 [2010]).
All concur except Garni, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum.