*1495 Carni, J.
(dissenting). I respectfully disagree with the conclusion of my colleagues that plaintiffs were not the “prevailing parties” within the meaning of the agreement granting plaintiffs two easements (2000 agreement), and I therefore dissent.
The 2000 agreement provides that, if either the grantee or the grantor “shall seek enforcement of the rights conferred pursuant to this [agreement], then the prevailing party shall be entitled to reimbursement and indemnification for all reasonable attorneys’ fees, costs and disbursements expended as a result thereof.” There is no dispute that the central focus of plaintiffs’ action was to enforce their parking rights under the agreement. As a result of the litigation, defendants were required to (1) remove the designation of two parking spaces as “handicapped parking” and return them to their original unrestricted availability for use by plaintiffs’ business patrons; (2) remove the markings of “No Parking” painted on the area designated in the 2000 agreement for plaintiffs’ parking; and (3) permit plaintiffs to restripe the area previously designated “No Parking” to provide for parking consistent with plaintiffs’ rights under the 2000 agreement.
Contrary to the majority’s conclusion, it is not necessary that a party achieve the “full measure” of the relief sought to be entitled to the reimbursement and indemnification sought herein. In order to justify an award of contractual attorneys’ fees, the court need not grant the relief sought in each claim raised in a lawsuit (see Senfeld v I.S.T.A. Holding Co., 235 AD2d 345 [1997], lv dismissed 91 NY2d 956 [1998], lv denied 92 NY2d 818 [1999]). The analysis in determining whether such an award is warranted does not involve a mere computation of the claims granted. Rather, the party seeking such reimbursement and indemnification must simply be the prevailing party on the central claims advanced, and must receive “substantial relief” to warrant the conclusion that the party had prevailed on those central claims (501 E. 87th St. Realty Co. v Ole Pa Enters., 304 AD2d 310, 311 [2003]). “Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his [or her] attorney’s fee reduced simply because the . . . court did not adopt each contention raised” (Hensley v Eckerhart, 461 US 424, 440 [1983]; see Senfeld, 235 AD2d at 345; Matter of Rahmey v Blum, 95 AD2d 294, 304 [1983]). In the instant case, the stipulated court order validated plaintiffs’ theory of recovery in several categories, and granted plaintiffs the substantial relief that they requested (see Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279, 280 [2004]). *1496 The fact that plaintiffs’ success “was only partial does not negate the fact that [they] prevailed” in enforcing the 2000 agreement (Duane Reade v 405 Lexington, L.L.C., 19 AD3d 179, 180 [2005]; see Board of Mgrs. of 55 Walker St. Condominium, 6 AD3d 279).
I further note that the majority’s reliance upon the fact that plaintiffs “did not obtain a determination that defendants breached the 2000 agreement” belies the nature of the litigation course pursued by the parties and places form over substance. Inasmuch as the parties expressly agreed in the stipulation of discontinuance to reserve the parties’ rights to seek attorneys’ fees, costs and disbursements, they recognized and agreed that the absence of an express determination on the merits by the court was no barrier to the recovery of such sums under the 2000 agreement (see generally Gaisi v Gaisi, 48 AD3d 744, 745 [2008]).
Therefore, I would reverse the order insofar as appealed from, thereby leaving intact the court’s denial of the cross motion of defendants for attorneys’ fees, grant that part of plaintiffs’ motion for an award of attorneys’ fees, costs and disbursements, and remit the matter to Supreme Court for a determination of the reasonable amount of attorneys’ fees, costs and disbursements expended by plaintiffs as a result of this litigation, inclusive of this appeal. Present — Scudder, EJ., Garni, Lindley and Sconiers, JJ.