■ COMMUNITY COUNSELING & MEDIATION SERVICES, Respondent-Appellant, v RICHARD CHERA et al., Defendants, and NEXT GENERATION CHERA, LLC, Doing Business as NEXT GENERATION LLC, Appellant-Respondent. COMMUNITY COUNSELING & MEDIATION SERVICES, Appellant, v RICHARD CHERA et al., Defendants, and LONG ISLAND UNIVERSITY, Respondent. [982 NYS2d 469]—

Order, Supreme Court, New York County (Louis Crespo, Special Ref.), entered on or about March 26, 2013, which, after a hearing on damages, directed entry of a judgment against defendants Richard Chera and Next Generation Chera, LLC, awarded plaintiff $100,442 in compensatory damages, plus prejudgment statutory interest and 35% of its total attorneys' fees and expenses, and declared, upon a finding that plaintiff was entitled to a 7% reduction in rent, that plaintiff's contract rent obligation from April 1, 2013 until March 31, 2017, the end of the term of the lease, shall be $932,616, unanimously modified, on the law and the facts, to delete Richard Chera's name from the first decretal paragraph, to reduce plaintiff's block-billed attorneys' fees by 10% instead of by 65%, and to award plaintiff 100% of its attorneys' fees incurred during the hearing, and otherwise affirmed, without costs. Order, same court (Debra A. James, J.), entered March 5, 2013, which denied plaintiff's motion for leave to amend the complaint to add a cause of action for fraudulent inducement and two claims for attorneys' fees as against defendant Long Island University (LIU), unanimously affirmed, without costs.

Plaintiff did not assert its cause of action for breach of the lease, the only surviving cause of action, against Richard Chera individually. Rather, it was only asserted against Next Generation.

The Special Referee correctly denied Next Generation's motion for a directed verdict (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), particularly in light of Next Generation's failure to produce an expert appraiser to refute plaintiff's expert evidence as to the diminution in value of the leasehold by Next Generation's installation of waste pipes in the ceiling without concealing them, in violation of paragraph 13 of the lease. We reject Next Generation's argument that plaintiff's damages were based on "aesthetic harm" only, since plaintiff's expert's opinion as to the diminution in value of the leasehold was supported by his

review of data on comparable spaces in the area, as well as his visual inspection of the space and his professional analysis of the market.

While the Referee qualified Next Generation's witness as an expert, and the expert opined that there was no diminution in value to the leasehold due to the exposed waste pipes, the Referee properly weighed the expert's lack of valuation and appraisal experience in finding that his opinion was "based on aesthetics" and an "evaluation," rather than a "valuation," of the leasehold.

We reject Next Generation's argument that plaintiff was not entitled to attorneys' fees because it was not the "prevailing party"; plaintiff prevailed on its central claim. From the beginning of this litigation, plaintiff's central claim has been that Next Generation breached the lease by installing waste pipes in the ceiling and failing to conceal them. Contrary to Next Generation's contention, it is of no moment that plaintiff did not prevail on its claims for trespass, nuisance, and negligence (*see Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345 [1st Dept 1997], *lv denied* 92 NY2d 818 [1998]; *see also Board of Mgrs. of 55 Walker St. Condominium v Walker St.*, 6 AD3d 279 [1st Dept 2004]). We note that the award to plaintiff of approximately $100,442 and the 7% reduction in future rents constitute "substantial relief" on the cause of action for breach of the lease (*see Board of Mgrs.*, 6 AD3d at 280).

Next Generation waived its objection to the admission of attorneys' fee summaries prepared by plaintiff's counsel by failing to object when the summaries were admitted (*Matter of Government Empls. Ins. Co. v Martin*, 102 AD3d 523 [1st Dept 2013]).

We disagree with the Special Referee's across-the-board reduction of 65% in attorneys' fees. Although there is no per se rule as to the maximum or minimum that block-billed fees should be reduced to account for unnecessary work, we find that, under the circumstances of this case, a 10% reduction should be applied to those hours that were block-billed (*see Matter of Silverstein v Goodman*, 113 AD3d 539 [1st Dept 2014]). Plaintiff, however, is entitled to 100% of the balance of the attorneys' fees incurred, including those for the four-day damages trial, since the Referee found that the number of hours was reasonable for the work performed, and none of the factors he identified in support of the 65% reduction were present during the hearing.

The Special Referee properly found that plaintiff is entitled to attorneys' fees at the agreed-upon rate of $150 per hour, for which plaintiff was billed and which it paid, rather than at counsel's actual rate of $350 (*see Brosnan v Behette*, 186 AD2d 165 [2d Dept 1992], *lv denied* 81 NY2d 706 [1993]).

The proposed claim for fraudulent inducement, based merely on a "misrepresented intent to perform," is duplicative of the breach of contract claim (*see Hawthorne Group v RRE Ventures*, 7 AD3d 320, 324 [1st Dept 2004]; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291 [1st Dept 1999]).

The "broad language" of the August 2006 letter agreement on which the proposed claim against LIU for attorneys' fees is based, i.e., that LIU "will be responsible for all damage and or liability that arise[s]" from work performed in the "rear of [plaintiff's] space," does not evince an "unmistakably clear" intent on LIU's part to pay plaintiff's attorneys' fees (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.