■ GOIDEL & SIEGEL, LLP, Respondent, v 122 EAST 42ND STREET, LLC, Appellant. 122 EAST 42ND STREET, LLC, Appellant, v JONATHAN GOIDEL et al., Respondents. [39 NYS3d 444]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about October 13, 2015, which, insofar as appealed from, denied plaintiff 122 East 42nd Street, LLC's (landlord) motion for partial summary judgment on its claim for attorneys' fees in index No. 153389/12, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for determination of reasonable attorneys' fees. Order, same court and Justice, entered October 14, 2015, which, insofar as appealed from, denied defendant landlord's motion for partial summary judgment on its claim for attorneys' fees in index No. 101979/11, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for determination of reasonable attorneys' fees.

Pursuant to the stipulation settling the parties' multiple litigations against each other, tenant Goidel & Siegel, LLP, and its members, Jonathan Goidel and Andrew Siegel, guarantors of the payment of the rent, agreed to pay, inter alia, an amount of money in "liquidation of . . . all unpaid rent and additional

rent allegedly owed . . ., but not including attorneys' fees and expenses," and the parties agreed to discontinue all remaining claims against each other. The parties further agreed that the payment of the abovementioned amount would be accepted by landlord "without prejudice to Tenant's and Guarantors' defenses and affirmative defenses" and that, after the stipulation was entered and payment was received, landlord would move for an order finding tenant and its members liable for landlord's attorneys' fees.

Having received all allegedly unpaid rent and additional rent, exclusive of legal fees, which, pursuant to the lease, had become additional rent, and which were reserved for judicial resolution, landlord is the prevailing party (*see Sykes v RFD Third Ave. I Assoc., LLC*, 39 AD3d 279 [1st Dept 2007]).

Tenant and its members argue that landlord is not the prevailing party because its claims were discontinued with prejudice, while their affirmative defenses have not been disposed of. However, all claims having been discontinued, there can be no further proceedings to test those affirmative defenses, and landlord has already obtained all the non-legal-fee rent it sought.

In light of the foregoing, the matter is remanded to Supreme Court for a determination of landlord's reasonable attorneys' fees incurred in connection with the above-captioned matters and, pursuant to the stipulation, the proceeding commenced in Civil Court, New York County, L&T index No. 50778/2011, and including the fees incurred in seeking attorneys' fees (*see Katz Park Ave. Corp. v Jagger*, 98 AD3d 921, 922 [1st Dept 2012]). Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.