Aurora Associates, LLC, Petitioner-Landlord-Appellant
against
Raffaelolo Locatelli, Respondent-Tenant-Cross- Appellant.



Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated November 28, 2016, which denied its motion for summary judgment of possession and granted tenant's cross motion for summary judgment dismissing the petition in a holdover summary proceeding. Tenant, as limited by his briefs, cross-appeals from so much of the same order as denied his motion for summary judgment on his counterclaims for rent overcharges and attorneys' fees.




Per Curiam.
Order (Jack Stoller, J.), dated November 28, 2016, modified to grant tenant's cross motion for attorneys' fees and to remand the matter to Civil Court for a hearing to determine the reasonable attorneys' fees due tenant; as modified, order affirmed, without costs. 
Civil Court properly granted tenant's cross motion for summary judgment dismissing the holdover petition. Notwithstanding the predecessor owner's 1997 purchase of a prior tenant's [Lombardi's] improvements and/or rights under Multiple Dwelling Law §§ 286(6) and (12), the loft unit at issue remained subject to rent regulation, since this pre-1974 building contained six or more residential units and the unit remained residential (see Acevedo v Piano Bldg. LLC, 70 AD3d 124 [2009], appeal withdrawn 14 NY3d 884 [2010]; 182 Fifth Ave., v Design Dev. Concepts, 300 AD2d 198 [2002]; VVV Partnership v Moran, 10 Misc 3d 130[A], 2005 NY Slip Op 51958[U] [App Term, 1st Dept 2005]; 29 RCNY 2-10[d][2], 2-10[d][4][iii]). 
Contrary to the parties' respective contentions, the market value rent ($4,250) charged to the tenant immediately following Lombardi constituted neither a basis for high rent deregulation (see Rent Stabilization Code [9 NYCRR] § 2520.11[r][7][ii])nor an illegal rent (see Multiple Dwelling Law § 286[6]; 29 RCNY 2-07[d][4][iii]). In any event, for purposes of the rent overcharge counterclaim, no basis was shown to examine the rental history beyond the statutory four-year look-back period (see CPLR 213-a; see also Rent Stabilization Law [Administrative Code of City of NY] § 26-516[a][2]; Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999 [2014]; Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]). Thus, the overcharge [*2]counterclaim was properly dismissed.
However, contrary to the motion court's finding that "mixed" results were achieved in this proceeding, tenant is entitled to recover his reasonable attorneys' fees as the "prevailing party" in this litigation pursuant to the lease and the reciprocal provisions of Real Property Law § 234, and the matter is remanded for an assessment on that issue. Although tenant was unsuccessful in the prosecution of his rent overcharge counterclaim, tenant received "substantial relief" on the central relief sought by landlord (see Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279, 280 [2004]). The "core" of the parties's dispute, as acknowledged by the motion court itself, was the rent regulatory status of the subject unit, which resulted in the dismissal of the underlying holdover proceeding on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 06, 2017