Scheer v Elam Sand & Gravel Corp. (2019 NY Slip Op 08037)





Scheer v Elam Sand & Gravel Corp.


2019 NY Slip Op 08037


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


947 CA 18-02114

[*1]DAVID SCHEER, PLAINTIFF-APPELLANT-RESPONDENT,
v
ELAM SAND & GRAVEL CORP., DEFENDANT-RESPONDENT-APPELLANT.






BOYLAN CODE, LLP, ROCHESTER (ROBERT MARKS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
WOODS OVIATT GILMAN LLP, ROCHESTER (F. MICHAEL OSTRANDER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Wayne County (Matthew A. Rosenbaum, J.), entered October 17, 2018. The order granted that part of defendant's motion seeking to dismiss plaintiff's complaint and denied that part of defendant's motion seeking to recover legal fees, costs and disbursements associated with this action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and reinstating the complaint and as modified the order is affirmed without costs.
Memorandum: In this action for breach of contract, plaintiff appeals and defendant cross-appeals from an order that, inter alia, granted that part of defendant's motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (1) and denied that part seeking costs and attorney's fees.
Plaintiff leased land to defendant, a mining company, for a term of 20 years, subject to defendant's right to terminate the lease on six months' written notice "should [it] determine that there are insufficient recoverable [m]inerals from the [p]remises to permit [it] to make a profit." The lease also contained a provision allowing the prevailing party in any dispute to recover costs and attorney's fees. Defendant terminated the lease approximately 16 months after it was executed, claiming that there were insufficient recoverable minerals for it to make a profit. Plaintiff requested documentation supporting defendant's profitability determination. In response, defendant sent plaintiff a "resource evaluation" and the opinion of an accountant, both dated after defendant's termination notice. Plaintiff thereafter commenced this action asserting a single cause of action based on a breach of the implied covenant of good faith and fair dealing. Plaintiff alleged that the minerals were sufficient for defendant to make a profit, that defendant made its decision to terminate the lease before obtaining an expert analysis, and that defendant's experts ignored the presence of recoverable minerals on the premises.
Plaintiff contends on appeal that Supreme Court erred in granting that part of the motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (1). We agree, and we therefore modify the order accordingly. "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]' " (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014]). "Although a lease may constitute documentary evidence for purposes of CPLR 3211 (a) (1)," we conclude that the termination clause in the lease submitted by defendant in support of its motion failed to "utterly refute . . . plaintiff's allegations or conclusively establish a defense as a matter of law" (Lots 4 Less Stores, [*2]Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182-1183 [4th Dept 2017] [internal quotation marks omitted]).
Although a party has an absolute right to terminate a contract pursuant to an unconditional termination clause (see Big Apple Car v City of New York, 204 AD2d 109, 111 [1st Dept 1994]; see also Center Green v Boehm, 247 AD2d 869, 869 [4th Dept 1998]), the termination clause here was conditional inasmuch as defendant had the discretion to terminate the lease only if it made a determination prior to termination that there were insufficient minerals for it to make a profit. Because the lease contemplated an exercise of discretion, the implied covenant of good faith and fair dealing included a promise to exercise that discretion in good faith, not arbitrarily (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]; 1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630, 631-632 [2d Dept 2002]). The documentary evidence submitted by defendant did not conclusively establish that it acted in good faith when it terminated the lease.
We are mindful that the implied covenant of good faith and fair dealing "is not without limits, and no obligation can be implied that would be inconsistent with other terms of the contractual relationship' " (Dalton, 87 NY2d at 389). Contrary to the court's conclusion, however, defendant's obligation to make a good faith profitability determination before terminating the lease is entirely consistent with the express language of the lease. The court accurately stated and defendant correctly asserts that the lease neither requires defendant to "justify its profitability determination" nor gives plaintiff the right to "assess that determination and veto it." Nevertheless, the contract does require that defendant make a profitability determination in the first instance, which is consistent with an implied requirement that defendant make that determination in good faith.
Defendant's alternate contention that the court should have granted the motion insofar as it sought to dismiss the complaint pursuant to CPLR 3211 (a) (7) is not properly before us because defendant raised it for the first time in its reply brief (see Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC, 159 AD3d 1602, 1605 [4th Dept 2018]).
Because defendant is not a prevailing party on its motion to dismiss, we reject its contention on its cross appeal that it is entitled to recover costs and attorney's fees under the lease at this juncture of the litigation (see Chainani v Lucchino, 94 AD3d 1492, 1494 [4th Dept 2012]; see generally The Wharton Assoc., Inc. v Continental Indus. Capital LLC, 137 AD3d 1753, 1755 [4th Dept 2016]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court