Beka Realty, LLC, Respondent,
against
Jason Gold, Appellant, Michael Seelig, "John Doe" and "Jane Doe," Undertenants. 




Piazza, D'Addario & Frumin, Esqs. (Ron D'Addario of counsel), for appellant.
Benjamin Z. Epstein, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Cheryl J. Gonzales, J.), dated February 22, 2018. The order denied tenant's motion for an award of attorney's fees in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In June 2015, landlord commenced this nonprimary-residence holdover proceeding to recover possession of a rent-stabilized apartment. On December 16, 2016, landlord and tenant stipulated in open court to discontinue this proceeding. Approximately 11 months thereafter, tenant moved for an award of the attorney's fees incurred in defending the holdover proceeding. By order dated February 22, 2018, the Civil Court denied tenant's motion, holding that, because tenant had not reserved his right to seek attorney's fees when consenting to the discontinuance, tenant's right must be deemed to have been waived as part of the stipulation to discontinue the proceeding. We agree.
"When there is no express reservation of rights with respect to the derivative issue of attorneys' fees, it must be deemed to have been waived and subsumed in the negotiated settlement" (Gaisi v Gaisi, 48 AD3d 744, 745 [2008] [internal quotation marks, brackets and [*2]citations omitted]; see J.D. Realty Assoc. v Shanley, 288 AD2d 27, 28 [2001]). Inasmuch as tenant failed to demonstrate such an express reservation of his right to seek attorney's fees when stipulating to discontinue the underlying proceeding, the right must be deemed to have been waived (see Echelon Photography, LLC v Dara Partners, L.P., 25 Misc 3d 133[A], 2009 NY Slip Op 52184[U] [App Term, 1st Dept 2009]; Rosewohl Enters., LLC v Gluck, 16 Misc 3d 132[A], 2007 NY Slip Op 51458[U] [App Term, 1st Dept 2007]; Harmir Realty Co. v Tesa, 2003 NY Slip Op 50015[U] [App Term, 1st Dept 2003]). Consequently, tenant's motion for attorney's fees was properly denied.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019