Matter of Aurora Assoc. LLC v Locatelli (2020 NY Slip Op 03267)





Matter of Aurora Assoc. LLC v Locatelli


2020 NY Slip Op 03267


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman J.P., Renwick, Kern, Oing, JJ.


10985 570235/17

[*1] In re Aurora Associates LLC, Petitioner-Appellant-Respondent,
v
Raffaello Locatelli, Respondent-Respondent-Appellant, Cleantech Strategies LLC, et al., Respondents.


Kossoff, PLLC, New York (Joseph S. Goldsmith of counsel), for appellant-respondent.
DeLotto & Fajardo, LLP, New York (Eduardo A. Fajardo of counsel), for respondent-appellant.



Order, Appellate Term, First Department, entered on or about December 6, 2017, which, to the extent appealed from, in modifying an order of the Civil Court, New York County (Jack Stoller, J.), entered on or about November 28, 2016, granted respondent's motion for summary judgment dismissing the holdover petition, granted petitioner's motion to dismiss the overcharge counterclaim, denied respondent's motion for summary judgment on the overcharge counterclaim, and granted respondent's motion for summary judgment on the counterclaim for attorneys' fees, unanimously affirmed, without costs.
Notwithstanding the predecessor owner's purchase of a prior tenant's rights under Multiple Dwelling Law § 286(12), the loft unit at issue remained subject to rent regulation as the apartment is located in a pre- 1974 building containing six or more residential units (Acevedo v Piano Bldg. LLC (70 AD3d 124 [1st Dept 2009], appeal withdrawn 14 NY3d 884 [2010]; Costanzo v Joseph Rosen Found., Inc., 178 AD3d 501, 502 [1st Dept 2019], citing Acevedo, 70 AD3d at 129). Therefore, petitioner was not entitled to charge a market value rent for the unit (cf. Multiple Dwelling Law § 26[6]), and the summary eviction proceeding was properly dismissed.
Because respondent prevailed in his defense of the summary proceeding, the Appellate Term properly concluded that he was the prevailing party on the "core" issue between the parties, and therefore attorneys' fees were properly awarded (Board of Mgrs. of 55 Walker St. Condominium v Walker St., 6 AD3d 279, 280 [1st Dept 2004]).
However, Appellate Term properly dismissed the rent overcharge claim on the ground that, under applicable law, there was no basis to examine the rental history beyond the four-year look-back period (see Rent Stabilization Law [Administrative Code of City of NY] § 26—516[a][2]). The Court of Appeals has determined that the Housing Stability and Tenant Protection Act (HSTPA), which requires that the entire rent history be examined, cannot be retroactively applied to overcharges alleged to have occurred before the HSTPA's enactment in 2019 (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal (__ NY3d __, 2020 NY Slip Op 02127, *9 [2020] ["We conclude that the overcharge calculation amendments (of the HSTPA) cannot be applied retroactively to overcharges that occurred prior to their enactment"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK