■ CARL ALLY, INC., Respondent, v MAHONEY, COHEN AND COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered February 19, 1974, unanimously modified, on the law, to strike therefrom the provision for counsel fee and otherwise affirmed for the reasons set forth in the decision of the Supreme Court, without costs and without disbursements. Plaintiff-respondent, a lessee of space under a prime lease containing escalation clauses for increase in operational wages and real estate taxes, with separate base years for each category, subleased space to defendant-appellant under a written agreement, which contained a provision effectually as far as this litigation goes incorporating the provisions of the prime lease. The prime lease provided for escalation in each category to be in the proportion that plaintiff's space bore to the building's total rentable floor area; the sublease's provision as to escalation made defendant liable for a proportionate share of the increases in the exact proportion the sublet space bore to the total of the building. Obviously, the object of both leases was to

bring about proportionate reimbursement for the two kinds of increases. Defendant's argument that the percentage referred to was intended to be of the landlord's increase and not of the total increase of the building, is a claim patently without merit. Though this controversy was submitted on a statement pursuant to CPLR 3031, it is actually one for declaratory judgment. Nothing in the section nor in CPLR 3001 precludes using it as a vehicle for declaratory judgment, easily translatable into a sum of money. However, nothing in law sustains the award of counsel fee in this case, and the reentry for default provisions of the lease have no application to the case before us. The provision therefor must be stricken. Settle judgment on notice. Concur—Markewich, J. P., Lupiano, Tilzer, Capozzoli and Nunez, JJ.