## Frank B. Hall & Co. of New York, Inc., Appellant, v Orient Overseas Associates, Respondent.

First Department, January 19, 1982

**APPEARANCES OF COUNSEL**

*Michael F. Fitzgerald* of counsel (*Dennis J. Crossley* with him on the brief; *Kissam, Halpin & Genovese,* attorneys), for appellant.

*Eugene J. Morris* of counsel (*Kenneth M. Block* and *Kathryn L. Bedke* with him on the brief; *Demov, Morris, Levin & Shein,* attorneys), for respondent.

**OPINION OF THE COURT**

Ross, J.

The core issue presented by this appeal is whether the plaintiff lessee is required to pay attorneys' fees as "additional rent" when these expenses were incurred by the defendant landlord in litigation spanning more than five years. We are of the opinion that the lease provisions urged as the predicate for the claims of the landlord have no applicability to the facts before us.

The torturous history of the litigation between these parties bears repeating. After protracted negotiations, the

plaintiff, on March 25, 1971, entered into a 20-year lease for the second through seventh floors of defendant's building then under construction at 88 Pine Street. The annual base rent for these premises was in excess of $1,000,000, plus various "escalation" charges as provided in other provisions of the agreement. The lease also provided that plaintiff, an insurance brokerage firm, was to commence occupancy on January 1, 1972, or as soon thereafter as the premises became ready for occupancy. The plaintiff, however, did not move into the premises until April, 1972.

A provision in the lease further provided that the escalation clauses for wages, taxes and electricity would be triggered when the landlord obtained "a temporary or permanent Certificate of Occupancy * * * and which Certificate permits Tenant to enter into occupancy of the * * * premises." On December 21, 1971, the landlord obtained a temporary certificate of occupancy (TCO), which permitted use and occupancy of the second floor office space and cafeteria by 128 persons. The lease and accompanying plans provided for this permitted use by 192 persons. Eleven months after issuance of the TCO, defendant obtained a permanent certificate of occupancy (PCO), on November 21, 1972, which increased the permitted occupancy of the second floor to 240 persons.

Thereafter, plaintiff discovered the variance between the number of people permitted to occupy the second floor under the TCO and the number that should have been allowed to occupy that same space pursuant to the lease agreement. After making this discovery, plaintiff continued to pay the base rent but refused to pay the additional rent under the various escalation clauses. Plaintiff asserted that the demised premises could not be utilized for their intended purposes. Therefore, the escalation clauses never became operable.

Accordingly, at the end of 1972, the first full year of occupancy, the landlord computed the amount due under the various escalation clauses. The landlord calculated these charges, using 1971 as the base year. An invoice for this amount was submitted to the plaintiff for payment. Plaintiff refused to pay these escalation charges and on December 13, 1974, commenced an action seeking, *inter*

*alia,* a declaration that the landlord utilized the wrong base year in computing the escalating charges. The plaintiff maintained that the proper year to use as the foundation was 1972, and not the year prior thereto.

During the course of this litigation, the landlord, on April 14, 1975, served a notice seeking to recover possession of the premises unless plaintiff paid the escalated amount due. To avoid the institution of summary proceedings, the lessee entered into two stipulations on June 25, 1975, and March 26, 1976, which basically provided that the landlord would refrain from commencing any summary proceedings on condition that plaintiff pay the disputed charges based on 1972 as the base year. These stipulations were entered into, and the payment made thereunder, "without prejudice" to the claims of either party in the pending litigation. The trial court, thereafter, rendered a decision in December, 1977, which, *inter alia,* determined that 1972 was the correct year for computing the various escalation clauses. This court modified that judgment to the extent of declaring that the proper base year was 1971, and not 1972 (65 AD2d 424). The order of this court was affirmed by the Court of Appeals on December 17, 1979 (48 NY2d 958).

After completion of the litigation, the landlord submitted a revised bill to plaintiff in the sum of $609,889.35. This invoice represented the amount due under the escalation clauses using 1971 as the base year. The sum was duly paid by the lessee.

Then on March 13, 1980, the defendant served a five-day demand on plaintiff asserting that the lessee was indebted to the defendant for the legal fees incurred in defense of the prior declaratory judgment action. This sum was not paid within the time established by the defendant. Thereafter, on March 26, a three-day demand was made and, pursuant thereto, if the amount due was not tendered, the landlord would then deem the lease canceled. Two days later, the plaintiff paid the requested sum under protest and reserved the right to contest the reasonableness and validity of this claim. The sum demanded amounted to $121,530.37; of which $112,245.59 was for legal fees; $3,170.93 was for printing expenses and reporting service and $6,113.85 was

for architectural and experts fees. The defendant maintains that these fees are chargeable as additional rent pursuant to paragraphs 17, 18 and 23 of the lease.

On June 25, 1980, the plaintiff instituted the present action to recover these legal fees and related expenses. The plaintiff asserted that no liability was imposed under the lease and demanded reimbursement. After issue was joined, both parties moved for summary judgment. Special Term found that paragraph 23 of the lease is applicable and did impose liability on the plaintiff for payment of this sum of money. Summary judgment was granted to the defendant, and the plaintiff now appeals.

We cannot concur with this determination and conclude that none of the lease provisions, cited by defendant as authority for seeking prior legal fees, are controlling. Paragraphs 17 and 18 of the lease, which are the least troublesome aspect of this appeal, provide in pertinent part:

"17 * * * (2) * * * [I]f Tenant shall make default in the payment of the rent reserved herein or any item of additional rent herein mentioned or any part of either or in making any other payment herein required * * * then and in any of such events Landlord may without notice, re-enter the demised premises * * * and dispossess Tenant by summary proceedings or otherwise * * *

"18. In case of any such default, re-entry, expiration and/or dispossess by summary proceedings or otherwise, (a) the rent shall become due thereupon and be paid up to the time of such re-entry, dispossess and/or expiration, together with such expenses as Landlord may incur for legal expenses, attorneys' fees, brokerage, and/or putting the demised premises in good order * * * (b) Landlord may re-let the premises or any part or parts thereof".

The clear import of these two provisions, when considered together, is that they cannot and do not serve as a contractual predicate for the recovery of attorneys' fees incurred in defense of a prior action for a declaratory judgment. (*Carl Ally, Inc. v Mahoney, Cohen & Co.*, 47 AD2d 874.) These paragraphs would, however, operate as a basis for recovery of attorneys' fees in a situation, not present here, where the

landlord has undertaken some action, either by summary proceeding or otherwise, to re-enter the demised premises or to dispossess the tenant. Since the landlord must engage in some affirmative action prior to these provisions being activated, and since the defense of a declaratory judgment is not that type of action contemplated which will trigger these provisions, the claim for attorneys' fees under paragraphs 17 and 18 is ill founded.

We next turn to the third provision under which this claim allegedly rose. Paragraph 23 provides: "If Tenant shall default in the observance or performance of any term or covenant on Tenant's part to be observed or performed under or by virtue of any of the terms or provisions in any article of this lease, then, unless otherwise provided elsewhere in this lease, Landlord may immediately or at any time thereafter and without notice perform the same for the account of Tenant, and if Landlord makes any expenditures or incurs any obligations for the payment of money in connection therewith including, but not limited to, attorneys' fees in instituting, prosecuting or defending any action or proceeding such sums paid or obligations incurred with interest and costs shall be deemed to be additional rent hereunder and shall be paid by Tenant to Landlord within five (5) days of rendition of any bill or statement to Tenant therefor." (Emphasis supplied.) This paragraph provides that the landlord may only seek to recover attorneys' fees incurred in connection with performing an obligation for the "account of [the] tenant." This provision clearly requires that the tenant owe an obligation to a third party so that the landlord can perform it in the tenant's stead. In the facts before us, the "additional rent" is simply owed to the landlord and no one else. This provision would have application if, for example, the tenant contracted to improve or alter the demised premises and failed to pay for this work. If the contractor sought to establish a lien on the landlord's premises, then the landlord could perform the obligation assumed by the tenant for the account of the tenant. Under the circumstances as just described, attorneys' fees are a reimbursable expense. This situation is not at all present in this appeal. The sole obligation runs from the tenant to the landlord, and not to

a third party. Any obligation to a third party, under the facts of this case, belongs to the landlord.

Similarly, the landlord is not entitled to recover for the attorneys' fees expended in defense of the present action. Once again, there is no existing obligation to a third party. Since the landlord could not perform an obligation for the tenant, the provisions of this paragraph never became operable. Therefore, since the three provisions of the lease upon which the landlord based his claim for attorneys' fees are found to be inapplicable, no substantial issue of fact has been presented and the plaintiff's motion for summary judgment should have been granted. (*Esteve v Abad,* 271 App Div 725.)

Accordingly, the order of Supreme Court, New York County (KIRSCHENBAUM, J.), entered on May 22, 1981, which, *inter alia,* granted the defendant's motion for summary judgment and denied the plaintiff's cross motion for summary judgment, should be reversed, on the law, with costs, and plaintiff's cross motion granted.

SULLIVAN, J. P., MARKEWICH, LUPIANO and SILVERMAN, JJ., concur.

Order, Supreme Court, New York County, entered on May 22, 1981, unanimously reversed, on the law, and plaintiff's cross motion granted. Appellant shall recover of respondent $75 costs and disbursements of this appeal.