■ BRIAN E. WEISS, D.D.S., P. C., Appellant, v STEVEN MILLER et al., Respondents.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered on February 7, 1990, which, after nonjury trial, *inter alia,* dismissed plaintiff's complaint, unanimously affirmed, without costs.

Plaintiff, a professional corporation engaged in the practice and operation of a dental office in Manhattan, commenced the underlying action seeking a permanent injunction and compensatory and punitive damages against the defendant, a former dental associate, based upon the defendant's alleged breach of his fiduciary duty and unfair competition, arising from appropriation of plaintiff's master list of dental patients and subsequent solicitation and diversion of certain patients to the defendant's own competing dental practice.

It is well settled that upon appellate review, the determination of the trial court, sitting as both arbiter of facts and law, must be accorded great weight since that court was in the best position to assess the evidence presented at trial. *(Figliomeni v Board of Educ.,* 38 NY2d 178, 182, *rearg denied* 39 NY2d 743.) Moreover, it is equally well settled that nominal damages will be awarded to a plaintiff where the law recognizes a technical invasion of his right or a breach of defendant's duty, but where the plaintiff has failed to prove actual damages or a substantial loss or injury to be compensated. *(Good Karma Prods. v Penthouse Intl.,* 88 AD2d 561, *affd* 59 NY2d 775.)

Applying these principles to the case at bar, we conclude that the IAS court's award of nominal damages to the plaintiff was sufficiently supported by the evidence at trial. It is uncontroverted that there was never a covenant not to compete in effect between the parties, that plaintiff's entire staff and dentists had unfettered access to the patient files, and that the defendant's February 1, 1988 letter, forwarded only to those patients that the defendant himself had previously treated, merely announced defendant's departure from the plaintiff's offices, advised the patients that he was no longer affiliated with the plaintiff, and extended an invitation to the patients to visit the defendant's relocated offices. Finally, plaintiff's proof of damages, based solely upon the testimony of the plaintiff's accountant, failed to establish that patients were misled by the defendant into leaving the plaintiff's dental practice, or that the patients' departures were in any way attributable to the defendant's alleged misappropriation and solicitation, and was, with respect to the calculation of damages, too speculative to give rise to a recovery of monetary damages for lost profits. (*Manshul Constr. Corp. v Dormitory Auth.,* 111 Misc 2d 209, *affd* 88 AD2d 794, *lv denied* 57 NY2d 608.) Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.