■ Tige Real Estate Development Company, Inc., Appellant, v Pamela Rankin-Smith et al., Respondents. [650 NYS2d 114] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered January 9, 1995, awarding defendants the principal sum of $414,059.40 in attorneys' fees, and bringing up for review an order, same court and Justice, entered January 4, 1995, which, inter alia, granted defendants' motion to confirm in part and reject in part the report of the Special Referee, and denied plaintiff's motion to reject the report, unanimously modified, on the facts, to reduce the principal sum awarded to $300,000, and otherwise affirmed, without costs. The appeal from the order is unanimously dismissed,

without costs, as subsumed within the appeal from the judgment.

Defendants' entitlement to attorneys' fees had been established as the law of the case, inasmuch as the only monetary relief actually sought in defendants' counterclaims was for such fees and, although not specifically mentioned in the decision, such fees were included in the order which was affirmed by this Court (171 AD2d 565). Therefore, it is unnecessary to reach plaintiff's argument that the lease provision, strictly construed, did not authorize attorneys' fees in the context of a declaratory judgment action. We note, however, that the attorney fee provision in the authority relied upon for this contention (*Hall & Co. v Orient Overseas Assocs.*, 84 AD2d 338, *affd* 56 NY2d 965), allowing fees in cases of "default, re-entry, expiration and/or dispossess by summary proceedings or otherwise", thereby requiring specific affirmative action by the landlord, is narrower than the provision at issue here, which first refers to termination of the lease "by summary proceeding or otherwise" but then goes on to authorize attorneys' fees "in recovering possession of the demised premises", thus focusing, not on the procedural steps taken, but on the ultimate result. In addition, here the tenant, having been notified of its imminent default but not yet having been given formal notice of default since the time for performance of the lease covenant had not yet passed, sought not only declaratory relief but also a preemptive *Yellowstone*-type injunction in anticipation of a summary proceeding.

The court also correctly ruled that fees incurred in settlement negotiations are recoverable (*see, National Union Fire Ins. Co. v Hartel*, 782 F Supp 22, 25, *affd* 972 F2d 1328), and that the fees incurred in the negotiations with Zeckendorf, though not a party to the proceedings, were properly recoverable since such negotiations could have resulted in a large cash payment to plaintiff and could have thus terminated or simplified the entire litigation.

However, while there can be no quarrel with the professional standing of defendants' counsel, the favorable results achieved and that expertise was required with regard to the variance issue, we find, upon our independent review of the record, the total fee awarded was excessive to the extent indicated, and we modify accordingly.

We have considered appellant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman, Williams and Andrias, JJ.