■ DUANE READE, Appellant, v 405 LEXINGTON, L.L.C., Respondent, et al., Defendants. [798 NYS2d 393]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 22, 2004, which granted defendant's motion for counsel fees and referred the determination of the amount to a special referee, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 27, 2005, denying plaintiff's motion to renew, unanimously dismissed, without costs.

Defendant landlord 405 Lexington prevailed at a trial that determined plaintiff tenant failed to comply with two almost identical commercial leases. In ascertaining which of the litigants was the prevailing party, for purposes of award of counsel fees, the court must consider "the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (*Excelsior 57th Corp. v Winters*, 227 AD2d 146, 147 [1996]). In the present situation, plaintiff was found by the trial court to have been in default of various clauses of both leases, and the landlord was authorized to terminate those leases and evict plaintiff in the event those defaults were not timely cured. That the landlord's success at trial was only partial does not negate the fact that it prevailed in having plaintiff declared in default of its leases, thus entitling the former to counsel fees (*see Board of Mgrs. of 55 Walker St. Condominium v Walker St.*, 6 AD3d 279 [2004]).

Since the leases herein expressly authorized recovery of "[a]ll costs and expenses incurred by Landlord in connection with any such performance by it for the account of Tenant and all costs and expenses, including reasonable counsel fees and disbursements, incurred by Landlord in any action or proceeding (including any summary dispossess proceeding)" in its effort to enforce the tenant's obligations, plaintiff may not avoid a claim for attorneys' fees merely by the stratagem of first commencing its own action and then obtaining a *Yellowstone* injunction (*see Tige Real Estate Dev. Co. v Rankin-Smith*, 233 AD2d 227 [1996]). The purpose of a *Yellowstone* injunction is to stay the cure period before it expires so as to preserve the lease until the merits of the dispute can be resolved in court, and neither nullifies the remedies to which a landlord is otherwise entitled nor rewrites the lease (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514-515 [1999]). Plaintiff's quest for declaratory and injunctive relief in response to defendant's notices of default does not negate landlord's remedies. Inasmuch as the landlord was effectively compelled to seek relief against plaintiff through the assertion of counterclaims, plaintiff cannot reasonably complain that the landlord is not entitled to counsel fees merely because it had not affirmatively initiated its own legal proceeding to enforce the leases.

Inasmuch as the second order challenged herein, which denied plaintiff's purported motion to renew, was issued ex parte, it is not appealable as of right (CPLR 5701 [a] [2]; *see also Sholes v Meagher*, 100 NY2d 333 [2003]).

We have considered plaintiff's remaining arguments and find

them unavailing. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ. [*See* 5 Misc 3d 1030(A), 2004 NY Slip Op 51641(U) (2004).]