■ DUANE READE, Appellant, v YORK TOWERS, INC., et al., Respondents. [802 NYS2d 401]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered May 10, 2005, awarding defendants attorneys', architectural and engineering fees, and bringing up for review orders, same court and Justice, entered December 22, 2003, and January 28, 2005, respectively, which, inter alia,

granted defendants' cross motions for summary judgment upon their claims for fees and denied plaintiff's motion to renew, unanimously affirmed, with costs. Appeals from the December 22, 2003 and January 28, 2005 orders unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

While defendant landlord York Towers, Inc., contracted with defendant tenant Shopwell, Inc., and not directly with plaintiff subtenant, plaintiff is bound by the terms of the main lease or overlease through, in part, paragraph 6 of the sublease. However, plaintiff contends that the landlord is not entitled to recover its attorneys' and other fees pursuant to paragraph 19 of the overlease, arguing that such clause entitles the landlord to collect fees only when it performs the tenant's obligations or in a nonpayment proceeding arising out of the tenant's default of rent, neither of which occurred here. Yet, a fair and reasonable interpretation of the contract is that, in the event of a tenant's default, any expenses incurred by the landlord arising out of such default, including the sending of default notices and the prosecution of a counterclaim to compel the tenant to comply with its lease obligations, are recoverable from the defaulting tenant.

It is undisputed that the air-conditioning units originally installed by plaintiff exceeded permissible noise levels and, consequently, were in violation of the New York City Noise Code, as well as both the overlease and the sublease. Consequently, the landlord served the sublandlord with a notice to cure, and the latter then served plaintiff with a corresponding notice to cure. Plaintiff responded by commencing an action to obtain a *Yellowstone* injunction. The landlord incurred expenses in defending the action and in prosecuting its counterclaims and cross claims to compel the tenant and the sublandlord to cure the default. Plaintiff's obligation to reimburse the landlord for the expenses occasioned by its default is unaffected by the circumstance that it initiated the litigation in which the landlord's claims for reimbursement were eventually asserted (*see Duane Reade v 405 Lexington, L.L.C.*, 19 AD3d 179 [2005]).

Similarly, plaintiff may not escape compliance with paragraph 10 of the sublease, in which it agreed to defend, indemnify and hold the sublandlord harmless from and against any and all expense, loss, claims or liability, including reasonable attorneys' fees, arising out of or in connection with any act or omission of the subtenant.

We have considered plaintiff's remaining arguments, including its contention that its motion to renew was improperly

denied, and find them unavailing. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.