■  BRITTI CORP., Respondent, v PERRY THOMPSON THIRD LLC, Appellant. [811 NYS2d 235]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 5, 2005, which, inter alia, (1) granted plaintiff subtenant's motion for a *Yellowstone* injunction on condition that plaintiff cease any cooking on the premises in violation of the building and fire codes and forthwith remove its installation of a ventilation/exhaust system and any commercial cooking equipment used in processes producing smoke or grease-laden vapors and fumes and requiring compliance with Reference Standard RS 13-3 of the New York City Building Code (Administrative Code of City of NY, tit 27, ch 1, Appendix), (2) granted defendant main tenant's cross motion for summary judgment to the extent of "find[ing] that Plaintiff altered the Premises by installing a commercial kitchen, which was unlaw-

fully vented, without Defendant's prior written consent and without obtaining the necessary building permits, resulting in a violation being placed on the Premises," (3) denied defendant's cross motion insofar as it put in issue whether "cooking" was "permitted" on the premises, and (4) denied defendant's cross motion insofar as it sought an award of attorneys' fees, unanimously modified, on the law, to declare that plaintiff's alterations to the premises as described by the motion court were a substantial breach of the lease in that they were undertaken without defendant's prior written consent and without required building permits, and caused a violation to be placed against the premises by the New York City Environmental Control Board, and otherwise affirmed, without costs.

The *Yellowstone* injunction was properly granted in the absence of a response from defendant to plaintiff's representations that it had discontinued cooking with its newly installed commercial kitchen appliances and was otherwise able and willing to cure the alleged breaches of the sublease (*see Tag 380 v Sprint Spectrum*, 290 AD2d 404 [2002]). With respect to the unauthorized alterations, we modify to make the declaration that the motion court intended but neglected to make (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). We decline to consider evidence dehors the record bearing upon whether the breach has been cured. We also decline to modify the injunction so as to permit termination of the lease on the basis of the alterations, absent record evidence showing that plaintiff is unwilling or unable to cure the breach. The motion court correctly held that issues of fact exist as to what manner of cooking, if any, is permitted. Defendant's claim that plaintiff has failed to post the bond ordered by the motion court should be addressed, in the first instance, to the motion court. With respect to defendant's counterclaim for attorneys' fees, by virtue of clauses in the sublease essentially identical to those in *Duane Reade v York Towers, Inc.* (22 AD3d 246 [2005]), defendant will be entitled to reasonable attorneys' fees attributable to plaintiff's various alleged breaches, depending on which of those alleged breaches defendant establishes in the course of the litigation, and whether such breaches establish defendant as the prevailing party (*cf. Duane Reade v 405 Lexington, L.L.C.*, 19 AD3d 179, 180 [2005]). Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.