(December 24, 2013)

■ RSB Bedford Associates LLC, Respondent-Appellant, v Ricky's Williamsburg, Inc., et al., Appellants-Respondents. [977 NYS2d 236]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered July 20, 2012, awarding plaintiff $1,048,708.97, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about May 11, 2012, which confirmed in part and rejected in part the Special Referee's report and recommendation as to damages, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This Court previously held that plaintiff's ability to close on the contract for purchase of the subject building was frustrated by defendants' repudiation of their agreement to lease space therein. As such, defendants cannot claim that closing was a condition precedent to plaintiff's recovery of contract damages since a party causing the failure of a condition is not permitted assert it as a defense (*RSB Bedford Assoc., LLC v Ricky's Williamsburg, Inc.*, 91 AD3d 16, 23 [1st Dept 2011], citing *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 270 [1st Dept 1995]). However, as we noted, while the propriety of damages was not then before us, the issue of whether defendants "caused" the transaction to fail is immaterial to any determination of the amount of damages (*id.* at 22-23).

The evidence that plaintiff's purchase of the building was not consummated and that the seller retained the security deposit is sufficient to support the Referee's finding that the transaction did not close (*see Poster v Poster*, 4 AD3d 145 [1st Dept 2004], *lv denied* 3 NY3d 605 [2004]). The plain language of the parties' side-letter agreement made clear that plaintiff could not proceed with the purchase of the property if defendants did not proceed with the lease for space in the building. However, the Referee did not err in finding that rent due under the lease was unrecoverable because it was not sufficiently foreseeable that defendants would be held liable for lost rent at the time the parties entered into their agreement (*Hadley v Baxendale*, 9 Exch 341, 156 Eng Rep 145 [1854]). Moreover, it would be unjust to award plaintiff the gross amount of rent due under the lease without deducting the operating costs attributable to the leased premises, which are unknowable (*see American List Corp. v U.S. News & World Report*, 75 NY2d 38 [1989] [alleged lost future profits incapable of proof with reasonable certainty]).

Likewise, there is no indication that, as a consequence of the breach, plaintiff would not only be unable to purchase the building but would also face a foreseeable loss of a hypothetical opportunity to sell it several years later. Lost profits from the sale of the building, which plaintiff never owned, at some point in

the indefinite future to an unknown purchaser are patently speculative (*see id.*; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 193 [2008]). Plaintiff is nevertheless entitled to recover expenses incurred for renovations necessary to create a "pop-up" store because the parties' agreement expressly makes those costs the responsibility of defendants.

While recovery of attorneys' fees by "the successful party" is provided for in the lease, the Referee properly reduced the amount sought by plaintiff to reflect that while it was the prevailing party (*see Board of Mgrs. of 55 Walker St. Condominium v Walker St.*, 6 AD3d 279, 280 [1st Dept 2004]; *cf. Walentas v Johnes*, 257 AD2d 352 [1st Dept 1999]), it did not prevail on all of its claims, particularly those seeking "expectancy" (extraordinary) damages (*see Duane Reade v 405 Lexington, L.L.C.*, 19 AD3d 179, 180 [1st Dept 2005]; *Matter of Rahmey v Blum*, 95 AD2d 294, 304 [2d Dept 1983]; *Nestor v Britt*, 16 Misc 3d 368, 380 [Civ Ct, NY County 2007], *affd* 19 Misc 3d 142[A], 2008 NY Slip Op 51042[U] [App Term, 1st Dept 2008]). Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ. **[Prior Case History: 35 Misc 3d 1225(A), 2012 NY Slip Op 50891(U).]**