1894 Eastchester Professional Building, Ltd., Petitioner-Landlord-Respondent,
against
Gerald Christopher d/b/a/ Good to Go Restaurant, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Verna L. Saunders, J.), entered on or about October 6, 2016, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Verna L. Saunders, J.), entered on or about October 6, 2016, affirmed, with $25 costs.
A fair interpretation of the evidence supports the trial court's conclusion that tenant violated the terms of the parties' commercial lease. Tenant installed, without the required permits, an outdoor deck adjacent to its restaurant and a kitchen area/prep station in the building's basement; failed to seek and procure an amended certificate of occupancy allowing the deck to be used for outdoor dining and allowing the basement to be used as a kitchen prep area; and did not seek or obtain modification of its liquor license to permit the consumption of alcohol on the deck (see Britti Corp. v Perry Thompson Third LLC, 26 AD3d 235 [2006]; Marsam Realty 13th Ave., LLC v Bagels 'N' Greens BP, LLC, 2018 NY Slip Op 50419[U] [App Term, 2d, 11th and 13th Jud Dists 2018]). The evidence also showed that after tenant was served with a notice to cure, it did not cure the violations and its application for Yellowstone relief was dismissed as untimely.
Even were we to accept tenant's claim that the prior owner orally consented to the construction of the deck, the prior owner expressly testified that tenant was still obligated to obtain the required permits and governmental approvals for the deck, which tenant indisputably failed to obtain. Likewise, even accepting tenant's claim that the current owner was aware of and acquiesced to the construction of the kitchen prep area in the basement, tenant still was required, but failed, to obtain the required permits or governmental approvals prior to or after the work was completed. 
On a bench trial, the decision of the fact-finding court "should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Claridge Gardens v Menotti, 160 AD2d 544, 545 [1990]). [*2]Applying that standard of review here, we find no basis to substitute our judgment for that of the trial court in awarding possession to landlord.
We have examined tenant's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 27, 2018