Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc. (2019 NY Slip Op 00699)





Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc.


2019 NY Slip Op 00699


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8304N 650413/14 650527/14

[*1] Blue Sage Capital, L.P., etc., Plaintiff-Respondent,
v
Alfa Laval U.S. Holding, Inc., Defendant-Appellant.
Alfa Laval U.S. Holding, Inc., Plaintiff-Appellant,
v
Blue Sage Capital, LP, et al., Defendants-Respondents.


McGuire Woods LLP, New York (Michael L. Simes of counsel), for appellant.
Locke Lord LLP, Houston, TX (Christopher Dove of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about April 3, 2018, which, to the extent appealed from, denied appellant Alfa Laval US Holding, Inc.'s motion for attorneys' fees and reduced its $4 million judgment by the $1,063,254 owed to respondent Blue Sage Capital, LP, before calculating prejudgment interest, unanimously affirmed, without costs.
Given the mixed results of this case, the court properly concluded that neither party had substantially prevailed on the central claims advanced and that therefore neither was entitled to attorneys' fees (see Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279 [1st Dept 2007]; see also Berman v Dominion Mgt. Co., 50 AD3d 605 [1st Dept 2008]; Pelli v Connors, 7 AD3d 464 [1st Dept 2004]).
Alfa Laval argues correctly that its victory need not have been total for it to have been the prevailing party (see Duane Reade v 405 Lexington, L.L.C., 19 AD3d 179 [1st Dept 2005]). However, it failed to show that the two misrepresentations in its breach of contract claim on which the jury ruled in its favor — the Imcopa Contract and the earnings forecasts — were "central" to its case against Blue Sage or were any more significant than the remaining five alleged misrepresentations on which the jury ruled against it. The court thus properly determined that because Alfa Laval prevailed on only two of the seven subparts of its claim, it was not the prevailing party (see e.g. Excelsior 57th Corp. v Winters, 227 AD2d 146 [1st Dept 1996]; see also Lightbox Ventures, LLC v 3rd Home Ltd., 2018 WL 1779346, *17, 2018 US Dist LEXIS 63485, *46-47 [SD NY Apr. 13, 2018]). To the extent the court did not account for Alfa Laval's successful defense against Blue Sage's claims (see 25 E. 83 Corp. v 83rd St. Assoc., 213 AD2d 269 [1st Dept 1995]), the omission is harmless; Blue Sage also thwarted a significant portion of Alfa Laval's litigation goals.
Alfa Laval argues that it is the prevailing party because a "net judgment" was entered in its favor, citing Matter of Wiederhorn v Merkin (98 AD3d 859, 862-863 [1st Dept 2012], lv denied 20 NY3d 855 [2012]). However, Wiederhorn further defines "prevailing party" as the party that prevails with respect to the central relief sought (id. at 863).
Alfa Laval also argues that the court erred in considering the amount of money it won relative to the amount it sought in determining in the first instance whether it was the prevailing [*2]party. However, in Matsumura v Benihana Natl. Corp. (2014 WL 1553638, *5, 2014 US Dist LEXIS 54404, *16-18 [SD NY Apr. 17, 2014]), on which Alfa Laval otherwise relies, in determining that the defendant was the prevailing party, the court noted that the plaintiffs' "relatively modest gain" was "even further dwarfed by the amount of damages plaintiffs sought in their complaint."
Alfa Laval waived its argument about the non-simultaneity of debts. The motion court declined to entertain the argument when Alfa Laval raised it on a motion to reargue, on the ground that Alfa Laval had not made the argument on the original posttrial motion. Alfa Laval contends that it raised the issue as early as possible. However, Blue Sage made the "net balance" issue in its posttrial motion, and Alfa Laval, at least for purposes of its prevailing party arguments, had entertained the notion of a setoff between potential damages awards even before the jury was charged. Nor is this a "strictly legal" issue that can be considered for the first time on appeal (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). It involves factual issues not resolved at trial, in particular, the question of when Blue Sage's claim to the $1,063,254 first arose.
We have considered Alfa Laval's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK