Quik Park W. 57 LLC v Bridgewater Operating Corp. (2020 NY Slip Op 07323)





Quik Park W. 57 LLC v Bridgewater Operating Corp.


2020 NY Slip Op 07323


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 651524/13 Appeal No. 12567 12567A Case No. 2019-03434 

[*1]Quik Park West 57 LLC, et al., Plaintiffs-Respondents-Appellants,
v
Bridgewater Operating Corporation, Defendant-Appellant-Respondent.


Rosenberg & Estis, P.C., New York (Warren A. Estis of counsel), for appellant-respondent.
Feuerstein Kulick LLP, New York (David Feuerstein of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered July 24, 2019, which, to the extent appealed from as limited by the briefs, after a non-jury trial, found and declared defendant liable for breach of contract for terminating the parties' management agreement without providing notice and an opportunity to cure, and awarded plaintiffs nominal damages and reasonable attorneys' fees, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 25, 2019, which denied defendant's motion [*2]pursuant to CPLR 4404(b) to vacate the award of attorneys' fees, unanimously affirmed, without costs.
The trial court properly awarded attorneys' fees to plaintiffs pursuant to the parties' management agreement (see Duane Reade v 405 Lexington, L.L.C., 19 AD3d 179 [1st Dept 2005]). The gravamen of the original complaint was that defendant had improperly terminated the management agreement without providing plaintiffs with sufficient notice and an opportunity to cure. On pretrial motions, Supreme Court repeatedly found that plaintiffs' alleged breaches were curable, and this Court affirmed those findings (Quik Park W. 57 LLC v Bridgewater Operating Corp., 148 AD3d 444 [1st Dept 2017]). The trial court's finding that defendant breached the management agreement solidified plaintiffs' status as the prevailing party. Plaintiffs also successfully defended against the affirmative defenses (see 25 E. 83 Corp. v 83rd St. Assoc., 213 AD2d 269 [1st Dept 1995]). The fact that plaintiffs recovered only nominal damages does not affect their status as prevailing party (Greenman-Pederson, Inc. v Berryman & Heniger, Inc., 130 AD3d 514, 517 [1st Dept 2015], lv denied 29 NY3d 913 [2017]).
The trial court correctly found that defendant breached the contract by improperly terminating the management agreement. Defendant argues that it was not liable for breach because plaintiffs' own breaches were so dishonest and outrageous that they were incapable of being cured. As indicated, in a prior appeal, this Court affirmed the ruling that plaintiffs' breaches were curable (Quik Park, 148 AD3d 444). Thus, further inquiry into this issue is foreclosed by the law of the case doctrine (Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]).
The trial court correctly concluded that plaintiffs failed to prove actual damages and therefore were entitled to nominal damages only (see Brian E. Weiss, D.D.S., P.C. v Miller, 166 AD2d 283 [1st Dept 1990], affd 78 NY2d 979 [1991]). There is no reason to disturb the court's determination that plaintiffs' proof of lost profits was too speculative or that their expert's conclusions and projections were not credible.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020