| |
|:---:|
| **Ahmed v Ahmed** |
| 2026 NY Slip Op 30807(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No, 653463/2024 |
| Judge: Anar R. Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

SHOGY AHMED,

Plaintiff,

- v -

HAYTHAM AHMED, SHOGY MARKETPLACE
CORP. d/b/a MANHATTAN MARKETPLACE, and
SALEH SALEH,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653463/2024 |
| **MOTION DATE** | 12/01/2025 |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 72–86, 88, 89 were read on this motion to/for <u>JUDGMENT – DEFAULT</u>.

### Relevant Factual and Procedural History

The Court incorporates, by reference, the factual and procedural summaries from the Decisions and Orders on Motion Nos. 002, 003, and 005.  NYSCEF Doc. Nos. 48, 66, 67.

On July 9, 2024, Plaintiff Shogy Ahmed ("Plaintiff") commenced this action by filing a Verified Summons and Complaint upon Defendants Haytham Ahmed and Shogy Marketplace Corp. d/b/a Manhattan Marketplace.  NYSCEF Doc. No. 1.  Defendants Haytham Ahmed and Shogy Marketplace Corp. filed their Answer on July 30, 2024.  NYSCEF Doc. No. 2.  On February 11, 2025, Plaintiff filed an Amended Complaint adding Defendant Saleh Saleh (together with Haytham Ahmed and Shogy Marketplace Corp., "Defendants").  NYSCEF Doc. No. 14. Defendants timely filed an Amended Answer with Counterclaims on February 26, 2025 for (i) breach of oral agreement, (ii) tortious interference with economic relations, (iii) tortious interference with contractual relationship, (iv) intentional infliction of emotional distress, and (v) conversion.  NYSCEF Doc. No. 13.  Plaintiff failed to timely respond to Defendants' Counterclaims, whereby Defendants filed their original motion for default judgment.  NYSCEF Doc. No. 31.

In light of Plaintiff's failure to respond to this Court's Orders or to appear at the August 28, 2025 hearing, on September 24, 2025, the Court dismissed Plaintiff's Complaint.  NYSCEF Doc. No. 48.  By the same Decision and Order, the Court addressed Defendants' motion, holding that although Defendants had established Plaintiff's default, they had failed to establish the merits

653463/2024 AHMED, SHOGY vs. AHMED, HAYTHAM ET AL
Motion No.  006

Page 1 of 5

[* 1]

of their counterclaims. *Id.* Accordingly, the Court denied Defendant's motion for default judgment, but granted Defendants leave to reapply for default judgment on proper papers. *Id.*[1]

Defendants now renew their motion for default judgment, solely as to their counterclaims for breach of oral contract and conversion (Motion No. 006), seeking a judgment of $200,000 on both counterclaims.[2] Plaintiff opposes the motion.

## Legal Analysis

In addressing Defendants' prior motion, the Court determined that Defendants established proof of service and proof of Plaintiff's failure to timely reply to their counterclaims, such that Defendants established Plaintiff's default. NYSCEF Doc. No. 48. However, parties moving for default judgment must further provide proof of the facts constituting the cause of action. CPLR § 3215(f). Accordingly, the Court now addresses the merits of Defendants' counterclaims for breach of oral contract and conversion.

Defendants submit an affirmation from Defendant Saleh in support of their renewed motion. NYSCEF Doc. No. 73. "[A] complaint verified by someone or an affidavit executed by a party with personal knowledge of the merits of the claim" satisfies this statutory requirement. *Beltre v. Babu*, 32 A.D.3d 722, 723 (1st Dept. 2006); *see also Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62, 71 (2003) ("the affidavit or verified complaint need only allege enough facts to enable a court to determine that a viable cause of action exists"). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" constituting the claim. *Feffer v. Malpeso*, 210 A.D.2d 60, 61 (1st Dept. 1994). Defendant Saleh has personal knowledge of the asserted claims and, as discussed *infra*, alleges facts sufficient to substantiate the conversion counterclaim, but not the breach of contract counterclaim.

To prevail on their breach of oral contract counterclaim, Defendants must establish that a contract exists between the parties, that Defendants performed in accordance with same contract, and that Plaintiff breached his contractual obligations resulting in damages. *34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 (2022). Defendants must demonstrate "the essential terms of the parties' purported contract, including specific provisions of the contract upon which liability is predicated." *Hempel v. Wise*, 224 A.D.3d 574, 575 (1st Dept. 2024) (citation omitted). Additionally, to establish the existence of an enforceable contract, Defendants "must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kolchins v. Evolution Markets, Inc.*, 128 A.D.3d 47, 59 (1st Dept. 2015) (citation omitted). Consideration

---

[1] Defendants subsequently moved for an extension of time to file their renewed motion for default judgment, while Plaintiff subsequently moved to vacate the dismissal of its claims. The Court granted Defendants' motion and denied Plaintiff's motion on October 27, 2025. *See* NYSCEF Doc. Nos. 66, 67.

[2] Defendants previously stated that they would only seek to renew their motion as to their counterclaims for tortious interference with business relations and intentional infliction of emotional distress (NYSCEF Doc. No. 62). Despite Defendants' failure to advise the Court of the existence of (let alone reason for) this about-face, the Court does not find it appropriate to bar the present application for relief despite this prior inconsistent representation given *inter alia*, (i) the public policy favoring resolution of cases on the merits, (ii) the fact that Defendants' prior representation and the Court's subsequent order did not address the merits of any of the counterclaims at issue, and (iii) the absence of any prejudice to Plaintiff as a result of this change.

653463/2024 AHMED, SHOGY vs. AHMED, HAYTHAM ET AL                    Page 2 of 5
  Motion No. 006

2 of 5

necessary to support a binding contract consists of "some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other" party. *Lebedev v. Blavatnik*, 193 A.D.3d 175, 183 (1st Dept. 2021) (quoting *Hamer v. Sidway*, 124 N.Y. 538, 545 (1891)). The promise and the consideration must purport to be the motive, each for the other, for each party to enter into the agreement. *Allegheny College v. National Chautauqua County Bank of Jamestown*, 246 N.Y. 369, 373 (1927).

Here, Defendant Saleh's affirmation is insufficient to show the existence of an oral contract with Plaintiff, as it fails to establish any consideration offered by Defendants. Defendant Saleh affirms only that "[Plaintiff] Shogy orally agreed and promised to me . . . that if the [D]efendants provided him with money, he would use the money for the benefit of Manhattan Marketplace to satisfy Manhattan Marketplace's obligations to contractors," whereby Defendants provided Plaintiff with "more than $200,000 in cash that [Plaintiff] promised he would use to satisfy [the] contractors." NYSCEF Doc. No. 73 ¶¶ 4, 5. Defendant Saleh identifies two of the contractors in question as Al Saeed Construction Corp. ("Al Saeed") and Infinity Tech, Inc. ("Infinity Tech"), "both of which filed liens against the property where Manhattan Marketplace does business." *Id.* ¶ 8; *see also* NYSCEF Doc. No. 74 (construction liens).

Nowhere does Defendant Saleh assert that Plaintiff was compensated or otherwise benefited from his promise under the purported agreement, or that Defendants undertook some detriment in exchange for this promise. In fact, Defendants were the only party that could benefit under the agreement as framed in Defendant Saleh's affirmation, as the money at issue would benefit Defendant Shogy Marketplace Corp. by satisfying contractors for services rendered on its behalf. As relevant here, Defendant Haytham Ahmed previously asserted, in his affirmation offered in support of Defendants' first motion for default judgment, that Plaintiff did not receive an ownership interest or any other financial interest in Defendant Shogy Marketplace Corp. NYSCEF Doc. No. 33 ¶¶ 5–16. Accordingly, Defendants have failed to establish any benefit accruing to Plaintiff, *e.g.*, through an ownership interest in Defendant Shogy Marketplace Corp. or otherwise, that would have induced him to enter into the purported agreement. *See Allegheny*, 246 N.Y. at 373. Because Defendants fail to establish the existence of any consideration here supporting an enforceable contract, Defendants do not adequately establish their counterclaim for breach of oral contract. *See Kolchins*, 128 A.D.3d at 59.

Turning to Defendants' conversion counterclaim, "[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006). To prevail on their conversion counterclaim, then, Defendants must establish "(1) [their] possessory right or interest in the property and (2) [Plaintiff's] dominion over the property or interference with it, in derogation of [Defendants'] rights." *Core Development Group LLC v. Spaho*, 199 A.D.3d 447, 448 (1st Dept. 2021) (internal citation omitted). Even where "possession of the property is originally lawful," a conversion may be established by showing that Plaintiff "refuse[d] to return the property after a demand." *Id.* Further, "conversion is concerned with the superior right of possession of such property, not title ownership." *Id.* An action for conversion requires a demand for the property and refusal of same; thus, Defendants must establish their exusive claim of ownership of the property in question and Plaintiff's intent to interfere with Defendants' passion or use of that property. *See Feld v. Feld*, 279 A.D.2d 393, 394–95 (1st Dept. 2001).

Here, Defendant Saleh's affirmation sets forth facts that adequately show that Plaintiff took possession of Defendants' personal property. As addressed *supra*, Defendant Saleh affirms that "[Plaintiff] received from [D]efendants more than $200,000 in cash that [Plaintiff] promised he would use to satisfy contractors that had performed work for Manhattan Marketplace." NYSCEF Doc. No. 73 ¶ 5. Additionally, Defendant Saleh affirms that "[Plaintiff] misappropriated the money and used it for his own personal benefit." *Id.* at ¶ 6. Furthermore, Defendant Saleh asserts that he "ha[s] repeatedly, on numerous occasions, orally requested that [Plaintiff] repay the money [D]efendants provided, but [Plaintiff] refused and refuses to do so despite demand." *Id.* Defendants' assertions are sufficient to establish Defendants' possessory interest in the sum provided by Defendants. Furthermore, although Plaintiff's initial possession was lawful, Plaintiff's repeated refusals of Defendants' demands to return such property constitute an interference with Defendants' ownership interest. Accordingly, Defendants have provided proof sufficient to establish their conversion counterclaim.

However, in opposition, Plaintiff submits his own affirmation, as well as documentary evidence, contesting Defendant Saleh's assertions. NYSCEF Doc. Nos. 82, 84, 85. While Plaintiff, having defaulted, has conceded liability, these filings are relevant to the apportionment of damages. *See HF Mgmt. Servs. LLC v. Dependable Care, LLC*, 198 A.D.3d 457, 458 (1st Dept. 2021) ("It is well established that, by defaulting, a [counterclaim] defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages."); *McClelland v. Climax Hosiery Mills*, 252 N.Y. 347, 351 (1930) ("An allegation of damage . . . is not admitted by a defendant's failure to answer," and a defaulting defendant may offer evidence "not for the purpose of defeating the plaintiff's cause of action *in toto*," but "for the purpose of assisting the court in fixing the real damages suffered by the plaintiff"). The Court therefore considers the allocation of damages.

Plaintiff denies Defendants' allegations, affirming that "Defendant[s] never gave me $200,000.00 for this business," and instead asserts that the funds he "paid to contractors for [Defendant] Shogy Marketplace Corp. came from [his] own personal account." NYSCEF Doc. No. 82 ¶ 5. Plaintiff further states that he "paid a total of $187,000.00 of funds" to Al Saeed "for all renovation work performed at Manhattan Marketplace." *Id.* ¶ 12. In support of this assertion, Plaintiff provides a document indicating that Al Saeed released their mechanic's lien. NYSCEF Doc. No. 84. Plaintiff also asserts that Infinity Tech "was supposed to be paid in full" by Defendant Saleh.[3] NYSCEF Doc. No. 82 ¶ 18. Other than the mechanic's liens, Defendants cite no documentary evidence in support of Defendant Saleh's affirmation, such as bank statements, that would substantiate the amount of damages actually incurred by Defendants.

Consequently, while Defendants have established the merits of their conversion counterclaim, they have failed to prove actual damages.[4] "Testimony based on documents not in evidence or that relies on unsupported assumptions or estimations will not support a damages award." *Crown Wisteria, Inc. v. Cibani*, 226 A.D.3d 585, 587 (1st Dept. 2024) (citations omitted).

---

[3] Notably, the lien held by Infinity Tech is in the amount of $36,800.00, well-below the $200,000 damages sought by Defendants. *See* NYSCEF Doc. No. 74.

[4] The Court finds this outcome particularly warranted given that, despite obtaining an extension of several months to collect supporting evidence after their initial motion was denied, Defendants failed to gather any evidence beyond Defendant Saleh's affirmation. *See* NYSCEF Doc. Nos. 48, 67.

Having failed to prove actual damages, Defendants are "entitled to only nominal damages." *Id.*; *see also Brian E. Weiss, D.D.S., P.C. v. Miller*, 166 A.D.2d 283, 283 (1st Dept. 1990) ("[I]t is . . . well settled that nominal damages will be awarded to a plaintiff where the law recognizes a technical invasion of his right or a breach of defendant's duty, but where the plaintiff has failed to prove actual damages or a substantial loss or injury to be compensated.").

## Conclusion

Based on the foregoing, Defendants have submitted sufficient proof of the facts constituting the conversion counterclaim, establishing "the *prima facie* validity of the uncontested cause of action." *Petty v. Law Off. Of Robert P. Santoriella, P.C.*, 200 A.D.3d 621, 621 (1st Dept. 2021) (citation omitted); *see* CPLR § 3215(f). However, Defendants' allegations concerning damages are contradicted by Plaintiff and are predicated solely on an unsupported affirmation. Accordingly, the Court grants only nominal damages. Therefore, Defendants' Renewed Cross-Motion is granted in part with respect to the conversion counterclaim and denied in part with respect to the breach of oral contract counterclaim.

Accordingly, it is hereby

**ORDERED** that Defendants Haytham Ahmed, Shogy Marketplace Corp. and Saleh Saleh's ("Defendants") Renewed Motion for Default Judgment on Counterclaims (Motion 006) is GRANTED as to the counterclaim for conversion and DENIED as to the counterclaim for breach of oral contract; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of Defendants in the amount of one dollar and zero cents ($1.00); and it is further

**ORDERED** that the Clerk of the Court mark this case as disposed.

The foregoing constitutes the Decision and Order of the Court.

| 3/6/2026 | | | | ~signature~ | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANAR R. PATEL, A.J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653463/2024 AHMED, SHOGY vs. AHMED, HAYTHAM ET AL
Motion No. 006

Page 5 of 5

[* 5]