■ 501 EAST 87TH ST. REALTY COMPANY, LLC, et al., Respondents, v OLE PA ENTERPRISES INC. et al., Appellants. (And Another Action.) [757 NYS2d 31] —Order and judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered May 8, 2002 and May 23, 2002, respectively, which, after a nonjury trial, inter alia, found that the subject rent-stabilized apartment had not been occupied as a primary residence by the tenant of record, defendant Ole Pa Enterprises Inc., awarded plaintiffs the total amount of $33,626.76 upon their claim for use and occupancy of the apartment during the holdover of the Winter defendants, and severed plaintiffs' claim for attorneys' fees and directed an assessment of such fees, unanimously affirmed, with costs.

Although the Winter defendants resided in the subject rent-stabilized apartment in plaintiffs' building for more than 20 years, the evidence adduced at trial showed that the lease for the apartment in which the Winters resided named the corporate defendant, Ole Pa Enterprises Inc., as the tenant, and did not specify a particular individual as the occupant. Under these circumstances, plaintiffs were entitled to prevail upon their claim that the subject apartment had not been utilized by the tenant of record or any specifically designated individual as a primary residence (*see Avon Bard Co. v Aquarian Found.*, 260 AD2d 207, 211 [1999], *appeal dismissed* 93 NY2d 998 [1999]) and that there was, accordingly, no identifiable individual with the right to demand a renewal lease (*see Manocherian v Lenox Hill Hosp.*, 229 AD2d 197 [1997], *lv denied* 90 NY2d 835 [1997]). While it is true that the Winters were named as the tenants of record on an earlier rent-stabilized lease for the same apartment, there was no evi-

dence that the substitution of the corporate tenant, Ole Pa Enterprises, for the Winters was at plaintiffs' instigation to induce the Winters to forgo rent-stabilization protections. Indeed, the reason for the substitution, apparently initiated by defendant Johnny Winter, then president of Ole Pa, was not disclosed at trial, largely by reason of Johnny Winter's failure to testify at the trial.

There is no merit to the Winters' contention that because not all the relief sought in plaintiffs' duly consolidated action and holdover proceeding was obtained, plaintiffs are not prevailing parties and are thus ineligible to recover attorneys' fees. Manifestly, plaintiffs prevailed upon the central litigated issues and obtained substantial relief fully justifying the conclusion that they were prevailing parties and, as such, entitled to recover attorneys' fees (*see e.g. Peachy v Rosenzweig*, 215 AD2d 301 [1995]).

Finally, the court properly awarded use and occupancy for the entire holdover period, i.e., from the expiration of the last lease through the time the apartment was finally vacated (*see e.g. Rose Assoc. v Lenox Hill Hosp.*, 262 AD2d 68 [1999], *lv denied* 94 NY2d 836 [1999]). Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ. [*See* 191 Misc 2d 796.]