■ Towne Partners, LLC, Respondent, v RJZM, LLC, Doing Business as All-Med & Rehab of New York, Appellant. [912 NYS2d 210]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 27, 2010, which granted plaintiff's motion for summary judgment and denied defendant's motions for summary judgment and for leave to amend its answer, unanimously modified, on the facts and the law, to grant defendant's motion for summary judgment in part on the issue of use and occupancy, and for leave to amend its answer to include the proposed counterclaim, and otherwise affirmed, without costs.

The parties' lease and subsequent settlement agreement require defendant to make "use and occupancy" payments of 150% of the applicable monthly rental amount "for each month and each portion of any month during which [defendant] holds over in the premises." As defendant held over for a "portion" of the month of November 2008, it is liable for use and occupancy for only that portion of the month where it was in possession of the premises (*501 E. 87th St. Realty Co. v Ole Pa Enters.*, 304 AD2d 310, 311 [2003] ["the court properly awarded use and occupancy for the entire holdover period, i.e., from the expiration of the last lease through the time the apartment was finally vacated"]).

Defendant is not liable for the attorneys' fees incurred by plaintiff. The settlement agreement specifically references only article 20 of the lease, which provided for liquidated damages. There is no provision in the stipulation requiring a deviation from the American rule, and we decline to read one into the stipulation (*Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]).

Defendant established the viability of its proposed counterclaim for the payment of utility charges incurred by defendant after it surrendered the premises (*see* CPLR 3025 [b]). Accordingly, defendant is directed to serve an amended answer asserting the proposed counterclaim within 20 days after the entry of this order, after which the parties will have an opportunity to conduct discovery on the issue.

We have considered defendant's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Catterson, Acosta and Manzanet-Daniels, JJ.