| |
|---|
| **Thor 560 W. 136th St., LLC v Sanghvi** |
| 2024 NY Slip Op 34474(U) |
| December 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160975/2021 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DAVID B. COHEN                              PART                     58

*Justice*

--------------------------------------------------------------------------X

THOR 560 WEST 136TH STREET, LLC

Plaintiff,

- v -

PATHIK SANGHVI,

Defendant.

--------------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 160975/2021 |
| MOTION DATE | 12/15/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for                   JUDGMENT - SUMMARY                   .

In this action to recover unpaid rent and attorneys' fees under a residential lease, plaintiff/landlord Thor 560 West 136th Street, LLC, moves, pursuant to CPLR 3212, for summary judgment against defendant. Defendant opposes.

## I.    Factual and Procedural Background

This residential landlord-tenant action arises from a dispute between plaintiff, the owner of a residential building located at 556 West 126th Street, New York, NY 10027, (the building) and defendant, a former tenant at the building. Defendant took possession of Apartment 3, (the premises), pursuant to a one-year lease dated May 1, 2018, scheduled to expire on April 30, 2019, with a monthly rate of $2,995.00.

Thereafter, defendant executed a renewal lease for a one-year period beginning May 1, 2019, ending on April 30, 2020, and with a monthly rate of $3,045.00. Prior to the expiration of the renewal lease, plaintiff emailed defendant several times to inquire whether he would be renewing his lease for a third term. Defendant did not immediately reply.

160975/2021   THOR 560 WEST 136TH STREET, LLC vs. SANGHVI, PATHIK
Motion No.  001

Page 1 of 6

[* 1]

Meanwhile, beginning in January 2020, defendant began experiencing a leak in his downstairs bathroom. On several occasions, defendant informed the building's superintendent via text message of the leak, as well as a hole in the ceiling of the same bathroom caused by the leak.

In March 2020, the COVID-19 pandemic occurred, and New York City began a lockdown. On April 2, 2020, defendant replied to plaintiff's prior emails, and notified it that he would not vacate the premises at the expiration of the lease because, due to the pandemic, he had lost his job and was experiencing financial hardship. Defendant thus occupied the premises until February 2021. Plaintiff commenced this action on December 3, 2021.

## II.     Contentions

Plaintiff contends that it is entitled to summary judgment because defendant breached their lease by failing to pay any rent and additional charges from April 30, 2020 to February 10, 2021. According to plaintiff, defendant owes approximately $31,587.50, accounting for the 10 months spent as a holdover tenant, and a prorated sum from defendant's alleged occupancy in the premises between February 1 and February 10, 2021.

In opposition, defendant argues that plaintiff breached the warranty of habitability and partially constructively evicted him from the premises by failing to address conditions in the premises that were detrimental to his health and safety, and because of this breach, he was legally entitled to withhold rent. Defendant contends that he experienced a leak containing up to 50 gallons of water per day from a pipe in the lower-level bathroom at the premises, resulting in a water bug infestation and his inability to use the facility. He also asserts that he had no cooking gas between July and November 2020[1]. Further, defendant asserts that he fully moved

___

[1] While plaintiffs affirmation in opposition states that these dates were between July and November 2021, it seems clear from the evidence that the dates plaintiff lacked gas were between July and November 2020.

160975/2021   THOR 560 WEST 136TH STREET, LLC vs. SANGHVI, PATHIK
Motion No.  001

Page 2 of 6

out and surrendered the premises on February 4, 2021, and therefore plaintiff's accounting for damages is incorrect and raises a question of material fact, and thus summary judgment should be denied.

### III. Legal Conclusions and Analysis

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citations omitted]). "This burden is a heavy one," requiring that the "facts . . . be viewed in the light most favorable to the non-moving party" (*Jacobsen v NY City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014] [internal quotation marks and citation omitted]). Once met, the burden shifts to the opposing party, who must establish the existence of a triable issue of fact to defeat the summary judgment motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Real Property Law (RPL) provides that every written or oral lease or rental agreement implies a warranty that the premises "are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety" (RPL § 235-b; *Matter of Solow v Wellner*, 86 NY2d 582, 587-588 [1995]). The purpose of RPL-235-b is to protect the health and safety of tenants and occupants residing in the premises (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316 [1979]). The warranty of habitability is a device designed to avoid the hardship which would result from a strict application of the principle of independent lease covenants, and it effectively conditions the tenant's obligation to pay rent on the landlord's provision of essential services (*id.*).

**160975/2021   THOR 560 WEST 136TH STREET, LLC vs. SANGHVI, PATHIK**                                **Page 3 of 6**
**Motion No.  001**

3 of 6

[* 3]

When tenants stay past the expiration of their lease agreement, landlords "are entitled to [payment for] use and occupancy for the entire period that no rent was [] paid (*Goldman v Segal*, 278 AD2d 74 [1st Dept 2000]). However, a breach of the warranty of habitability can be asserted as an affirmative defense to obtain a refund for rent already paid and as a factor for abatement for unpaid rent or use and occupancy for which the landlord seeks recovery (*Alp Realty Corp. v Huttick*, 160 Misc 2d 76 [App Term, 1st Dept 1994]; *see also 101 Cooper St. LLC v Beckwith*, 55 Misc 3d 145(A) [App Term, 1st Dept 2017]).

Accordingly, here, plaintiff is "entitled to use and occupancy [from defendant] for the entire holdover period, i.e. from the expiration of the last lease through the time the apartment was finally vacated" (*Towne Partners, LLC v RJZM, LLC*, 79 AD3d 489 [1st Dept 2010] [citing *501 E. 87th St. Realty Co., LLC v Ole Pa Enterprises Inc.*, 304 AD2d 310 [1st Dept 2003]).

Because tenants may be entitled to a rent abatement for rent already paid based on a breach of the warranty of habitability, here, defendant may be entitled to abatement from his rent paid prior to becoming a holdover tenant (*Alp Realty Corp.*, 160 Misc 2d 76, at 77). Furthermore, as holdover tenants are occupants protected under RPL 235-b, defendant may be entitled to abatement towards the amount of use and occupancy owed during his time at the premises after the expiration of his lease on April 30, 2020. The statute of limitations for a rent abatement claim arising out of breach of the warranty of habitability is six years, because the claim is based on a breach of an implied covenant in the contract between the parties, and the statute of limitations for breach of contract under the CPLR is six years (CPLR 213; *Whealon v Gramercy Park Residence Corp.*, 214 AD3d 427 [1st Dept 2023]). In determining the amount of rent owed, the court must measure "the difference between the fair market value of the premises

**160975/2021   THOR 560 WEST 136TH STREET, LLC vs. SANGHVI, PATHIK**
**Motion No. 001**

Page 4 of 6

4 of 6

[* 4]

if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach (*Park W. Mgt. Corp*, 47 NY2d at 329).

However, defendant submits evidence of alleged habitability issues that arose both during his tenancy and after he became a holdover tenant. Defendant submitted proof that beginning in February 2020, he informed the building superintendent of an ongoing, serious water leak in his bathroom, which caused a water bug infestation and prevented him from using the bathroom. The presence of roaches or other insects in a rental property may be considered a breach of the warranty of habitability (*see City of New York v Rodriguez*, 117 Misc 2d 986 [App Term, 1st Dept 1983], citing *Park W. Mgt. Corp*, 47 NY2d at 391). Defendant's assertions regarding the lack of gas at the premises between July and November 2021 while a holdover tenant may amount to violations of the warranty of habitability (*Berg v Chelsea Hotel Owner, LLC*, 203 AD3d 484 [1st Dept 2022]), as holdover occupants who are liable for use and occupancy are entitled to the same protections as tenants (RPL § 235-b, *see Stahl Assoc. LLC v Alexandersson*, 66 Misc 3d 1225(A) [Civ Ct 2020], *see also Warner v Lyon*, 63 Misc 3d 157(A) [App Term 2019]).

Lastly, the parties dispute the amount of time defendant remained in the premises as a holdover tenant, raising issue an of fact. Defendant asserts he surrendered the premises on February 4, 2021, and provides a receipt from his moving company as evidence of this departure date. Plaintiff claims defendant vacated the premises on February 10, 2020, and does not provide any evidence of when defendant surrendered the keys to the premises.

Thus, plaintiff is entitled to receive use and occupancy from the defendant at the undisputed last lease rate of $3,045.00 per month for the period from May 1, 2020 through January 31, 2021, and for a portion of the month of February 2021, the duration of which is

**160975/2021   THOR 560 WEST 136TH STREET, LLC vs. SANGHVI, PATHIK**
**Motion No.  001**

**Page 5 of 6**

5 of 6

[* 5]

disputed and shall be determined at trial.  As questions of fact remain as to defendant's warranty of habitability claims, any award to plaintiff for use an occupancy will be subject to any rent abatement for defendant's warranty of habitability claims, which will determined at trial.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted to the extent of finding that plaintiff is entitled to receive use and occupancy from the defendant at the undisputed last lease rate of $3,045.00 per month for the period from May 1, 2020 through January 31, 2021, and for a portion of the month of February 2021, the duration of which is disputed and shall be determined at trial and is otherwise denied; and it is further

ORDERED that the parties appear for a settlement/trial scheduling conference in Room 305, 71 Thomas Street on March 26, 2025, at 10:00 a.m.

20241221221913DC0HEN5E43AEB07A55471EA7E6F5B7A7E65C48

| | |
|---|---|
| **12/20/2024** | |
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160975/2021   THOR 560 WEST 136TH STREET, LLC vs. SANGHVI, PATHIK
Motion No.  001

Page 6 of 6

[* 6]