**38 E. 64th St., LLC v Nile, Inc.**

2025 NY Slip Op 31812(U)

May 16, 2025

Supreme Court, New York County

Docket Number: Index No. 650912/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** | **11M** |

*Justice*

-------------------------------------------------------------------------------X

38 EAST 64TH STREET, LLC,

                                  Plaintiff,

                        - v -

NILE, INC.,E TERESE CARPENTER, XYZ CORP., JOHN DOE, JANE DOE

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650912/2024 |
| **MOTION DATE** | 09/24/2024, 09/30/2024 |
| **MOTION SEQ. NO.** | 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 71, 72, 73, 74, 75, 76, 77, 78, 79, 94, 95, 96, 97, 98, 99, 113

were read on this motion to/for               JUDGMENT - DEFAULT        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115

were read on this motion to/for               JUDGMENT - SUMMARY        .

       Upon the foregoing documents, motion 004 has been withdrawn as moot and motion 005 is denied.

## Background

       This is an ejectment action in which 38 East 64th Street LLC ("Plaintiff") is seeking to recover possession of the apartment rented to Nile, Inc. ("Corporate Defendant"), a company owned by Terese Carpenter ("Carpenter", together with the Corporate Defendant the "Defendants"). In 2005, Carpenter began to discuss renting the unit in question with the then-building manager Ms. Goldberg. According to her affidavit, she was told by Ms. Goldberg that the apartment would only be available to rent if the lease was in the name of the Corporate Defendant, a design company that Carpenter intended to run out of her living space. Carpenter signed the commercial lease, which stated that the premises were to be used for office business

650912/2024   38 EAST 64TH STREET, LLC vs. NILE, INC. ET AL
Motion No.  004 005

Page 1 of 4

[* 1]

only. Throughout the succeeding years, Carpenter was issued regular renewal leases, all of which were commercial. She has lived in the unit during the entire time in question. One term of the commercial lease states that the premises may not be used for any purpose that violates the Certificate of Occupancy. The Certificate of Occupancy for the building states that the units may only be used for residential purposes and does not permit commercial purposes.

Since 2005, the unit has been registered as Rent Stabilized – Temporarily Exempt. The latest lease expired in January of 2024, and Plaintiff did not extend it. Defendants attempted to pay rent and establish a month-to-month tenancy, but this was rejected. Plaintiff brought this underlying proceeding seeking ejectment and use and occupancy. Defendants have answered, pleading two counterclaims for a fraudulent deregulation and requesting an order directing Plaintiff to furnish Carpenter with a rent-stabilized lease.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

650912/2024   38 EAST 64TH STREET, LLC vs. NILE, INC. ET AL
Motion No.  004 005

Page 2 of 4

2 of 4

Plaintiff brings the present motion seeking summary judgment in their favor. Defendants oppose, on the grounds that there are material issues of fact going to the rent-regulated status of the apartment. If the unit was improperly registered as temporarily exempt, and if Carpenter was entitled to a rent-regulated renewal lease, then Plaintiff would not have established entitlement to summary judgment. Both parties cite to lines of cases dealing with commercial leases and rent-regulation. The first issue relates to whether Carpenter was named in the lease. In the 2005 lease, the tenant is defined as "Nile, Inc." with the second line reading "Terese Carpenter, Vice President." Carpenter signed the signature line but there is no statement on the signature line as to in what capacity she signed. Plaintiff cites to *Avon* as support for the proposition that there can be no rent-stabilized lease issued to a tenant based on a commercial lease. But *Avon* is distinguishable from the present case. In *Avon*, the commercial entity in question was a religious foundation, and the First Department rejected the foundation's argument that their current Reverend was the lease's intended occupant because the lease never identified any individual, and only used the word "tenant" without definition. *Avon Bard Co. v. Aquarian Found.*, 260 A.D.2d 207, 208 – 09 [1st Dept. 1999]. Here, the lease in question clearly does identify Ms. Carpenter by name in the tenant definition, in contrast to the lease in *Avon*.

Plaintiff also cites to *501 E. 87th St. Realty Co.*, which likewise is inapposite. There, the First Department's holding was based in part on the reasoning that there was "no evidence" that the substitution of a commercial tenant for a residential tenant was "at the [landlord's] instigation to induce [the tenants] to forgo rent-stabilization protections." *501 E. 87th St. Realty Co., LLC v. Ole Pa Enters.*, 304 A.D.2d 310, 310- 11 [1st Dept. 2003]. Here, Defendants have alleged that the lease was commercial instead of residential at the landlord's urging and as a necessary

650912/2024   38 EAST 64TH STREET, LLC vs. NILE, INC. ET AL
Motion No.  004 005

Page 3 of 4

3 of 4

[* 3]

condition to rent the apartment, which is in a residential use-only building and currently exempt from rent regulations as a result of the commercial lease.

Furthermore, there is an applicable line of First Department cases involving allegations of landlords issuing commercial leases despite knowledge that the premises were being used for residential purposes. The First Department has held that where, for Rent Stabilization Code deregulation purposes, "there is a question of fact concerning whether the premises at issue are being utilized for mixed residential and commercial use, that question must be resolved in the first instance by the factfinder." *Hadzovic v. Buckley Sch. in the City of N.Y.*, 2025 N.Y. App. Div. LEXIS 2882, *4 [1st Dept. 2025]. In *Glebow*, the court held that when a "subject unit was used for residential purposes with the landlord's knowledge and acquiescence", the rent stabilization regulations were implicated. *Glebow Realty Assoc. v. Dietrich*, 227 A.D.3d 610, 611 – 12 [1st Dept. 2024]. Because there are issues of material fact going to whether Carpenter would be entitled to a renewal lease because the unit in question was improperly exempted from the rent regulations, summary judgment at this time would be improper. The Court has considered the Plaintiff's other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that motion 004 is denied as moot; and it is further

ADJUDGED that motion 005 is denied.

20250519093103LFRANK4C0FE792494F4523A3AD1B1B2301E483

_____
**5/16/2025**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650912/2024   38 EAST 64TH STREET, LLC vs. NILE, INC. ET AL**
**Motion No.  004 005**

**Page 4 of 4**

4 of 4